## SUPREME COURT.

JOACHIM P. STAATS, appellant agt. THE HUDSON RIVER RAILROAD COMPANY, respondents.

*A county court have authority on appeal, to reverse in part and affirm in part a judgment of a justice's court, for entire damages, where it clearly appears that there are two or more independent causes of action, and the judgment is right as to one and erroneous as to the others. (This comes pretty near a collision with the case of Kasson agt. Mills, 8 How., 377.)*

*Albany General Term, May,* 1862.

*Present,* HOGEBOOM, PECKHAM and MILLER, *Justices.*

THIS is an appeal from the judgment of the Rensselaer county court, which reversed the judgment of a justice's court, where the plaintiff recovered $75 and costs against the defendants. The complaint was for killing two of the plaintiff's cattle on the defendants' road—a cow in January, 1859, and a bull in October, 1859. It appears that the cow was running at large and wrongfully on the highway, where she was killed as defendants' road crossed the highway. It also appeared that plaintiff's bull escaped from his lot adjoining the defendants' road; that the fence along said lot was insufficient and defective, which defendants were bound to make and maintain. The fair inference from the evidence is, that he escaped on account of such defect, strayed on to defendants' road, and was killed.

JACOB G. RUNKLE, *for appellant.*
THOMAS M. NORTH, *for respondents.*

By the court, PECKHAM, Justice. The evidence clearly shows that the cow was wrongfully and negligently on defendants' road. In such case no action lies for her loss. (*Munger* agt. *Tonawanda R. R. Co.,* 4 *Coms.,* 349.) But for the killing of the bull a proper case was made out—certainly a *prima facie* case for submission to the jury, and

Staats agt. Hudson River Railroad Company.

*their verdict for damages for his loss could not be dis-
turbed.*

A question was made as to the admission of evidence as
to the sufficiency of the fence which defendants were re-
quired to make and maintain. (*See Laws of* 1854, *p.* 611,
§ 8.) A witness (Cheever) was asked by the plaintiff's
counsel to state if the fence was sufficient to turn orderly
cattle or not, and if not, why ? The question was objected
to as incompetent, immaterial and leading. If objection-
able at all, it was only because it called for an opinion of
the witness, instead of a fact. But that precise ground of
objection is not taken. The question does not literally *ask*
for an opinion, but substantially makes it necessary to give
one, to answer one branch of the inquiry ; hence it was the
more important that an objection, if it intended to present
the impropriety of calling for or proving an opinion, should
have expressly said so. Such an idea, however, would
scarcely be obtained from the form of the objection. I do
not think the objection was presented with sufficient clear-
ness in that (a justice's) court to be available to the plain-
tiff here. The objection is merely technical, as the facts
were fully presented by the witness, and made out a proper
case of an insufficient fence in fact ; and his opinion, which
was nowhere precisely or particularly objected to, was of
no moment at all. He proved the posts of the fence to
have been twelve feet apart ; that an animal could in most
places put its head through the wires, particularly where
the wires were light ; that his father's cow and a spring
calf went through, and they were orderly. In my opinion,
therefore, the recovery was right as to the bull, and wrong
as to the cow.

The only remaining question is, could and should the
county court have reversed the judgment of the justice as
to the damages for the cow, and affirmed it as to the bull ?

It is objected by the defendants that a county court can
not reverse in part and affirm in part a justice's judgment

for entire damages, and the case of *Kasson* agt. *Mills*, (8 *How.*, 377,) is cited to that effect. The case sustains the position in terms, but the facts were wholly unlike the facts here. I have carefully examined all the cases referred to in *Kasson* agt. *Mills*, and am of opinion that the county court had authority in this case to reverse the judgment in part and affirm it in part, and should have exercised it.

The Code, re-enacting the Revised Statutes, expressly gives that power to the court. It is not confined in terms, and there is no reason for confining it to a mere power to reverse or affirm as to costs, and not reverse or affirm as to damages.

Where two or three independent causes of action are prosecuted in a justice's court, and a judgment is right as to one and erroneous as to the others, and that can be distinctly and plainly seen on appeal, the power to reverse as to the erroneous and affirm as to the legal part of the judgment, is plain and practical, and in my opinion imperative— with a view " to give judgment according to the justice of the case," as provided for in the Code. After a careful examination, I have been unable to find any case that conflicts with this plain power, and its plain duty in its exercise. In *Kasson* agt. *Mills* it is difficult to perceive, from the report of the case, upon what ground the county court proceeded in reversing the judgment in part and affirming it in part. In the justice's court it was for $100. It was reversed on appeal, except as to $3.36. Why it was valid for that sum does not in any way appear ; nor what that amount was for, in any manner. It may, therefore, well be that this court was right on the facts as they appeared in that case—a single indivisible cause of action—in holding that the county court committed an error in reversing the judgment in part and affirming it in part.

Suppose an action brought upon two several promissory notes, to one of which the defendant proved a clear legal defence of usury, but none on the other, and the court gave

judgment for both ; would there be any difficulty in giving judgment, on appeal, for the valid note, and reversing it as to the void note ?

Suppose an action for two penalties alleged to have been incurred on different days—judgment for both, and illegal as to one ; on appeal the judgment would be affirmed as to the one and reversed as to the other.  This last case has been expressly decided in Massachusetts by the highest court of that state, and I find nothing in this state in conflict with it.  (*Commonwealth* agt. *Derby*, 13 *Mass.*, 433.) I see no reason or principle against the doctrine of this last case, the opinion in which was delivered by Ch. J. PARKER, and I am disposed to follow it and the statute of this state re-enacted in the Code, which allows it.  I see no objection to obeying the statute, where, as here, it can be distinctly seen for what the judgment was given, and which separate alleged cause of action is illegal or erroneous.  In this case it clearly appears from the proof that the jury allowed $50 for the cow, and $25 for the bull.

The judgment of the county court is reversed, and that of the justice affirmed as to $25 damages and the costs. No costs allowed on this appeal.

HOGEBOOM and MILLER, J. J., concurred,

Judgment accordingly.

---

## SUPREME COURT.