## COURT OF APPEALS.

CLINTON D. BROWNELL, appellant agt. CHRISTOPHER WINNE, respondent.

Where a *promissory note* is made—" I promise to pay," &c. (or any several note), signed by the maker, and subsequently, for the purpose of giving security to the note, another person signs it as maker, without the knowledge or consent of the first signer, such additional name does not invalidate the note, or alter he liability of the original maker in any respect.

*March Term,* 1864.

THIS action was commenced in a court of a justice of the peace of the county of Monroe, July 5, 1863. On the 21st day of January, 1856, one Swinerton made and delivered to the defendant his promissory note, as follows :

" PERINTON, *January* 21, 1856.

"For value received, I promise to pay Christopher Winne or bearer, fifty dollars, on the first day of April next, with interest.

" ALGERNON SWINERTON."

On the first day of October, 1856, the defendant sold and transferred the note to the plaintiff. The plaintiff made it a condition of the sale and transfer to him, that Winne should add his personal security to the note. Winne thereupon wrote his name under that of the maker, and delivered the note to the plaintiff, for the sum of fifty dollars. It was agreed that the plaintiff should have the note for its face, and that Winne should give him the interest that had accrued since the date of the note. On the 26th day of February, 1857, Swinerton paid the plaintiff on the note $41, but it does not appear that he knew that Winne's name was upon the note.

The action is against Winne alone, and the plaintiff in his complaint claimed before the justice, the balance due on the note, after deducting the $41 which had been

paid by the original maker. Judgment was rendered by the justice for $17.45 damages, that being the amount unpaid, including interest *from the date of the note.*

The defendant appealed to the county court of Monroe county, where the judgment of the justice was affirmed. The general term (7th district, JOHNSON, J. C. SMITH and E. DARWIN SMITH, Justices), on appeal reversed the judgment of the county court and of the justice, in accordance with the case of *Chappell* agt. *Spencer* (23 *Barb.* 584), decided in the same district (no opinion being written), and holding that the transaction as between the plaintiff and defendant was usurious. The plaintiff appealed to this court.

J. L. ANGLE, *for appellant.*

I. The addition of Winne's name did not destroy the validity of the note as to Swinerton.

1. In addition to the cases referred to in the opinion of the supreme court in *Chappell* agt. *Spencer,* see *Muir* agt. *Demaree* (12 *Wend.* 468). This point is distinctly presented in that case (*Burton* agt. *Baker,* 31 *Barb.* 241, opinion, pp. 257, 258). The case of *Cobb* agt. *Titus* (10 *N. Y. R.* 198), fully disposes of this question. (*See also Partridge* agt. *Colby,* 19 *Barb.* 248.)

2. Swinerton by his payment on the note after its alteration, ratified the note as altered. It does not lie with Winne to insist that the note is void as to Swinerton, when the latter affirms its validity.

3. The fact that Swinerton made this payment was sufficient to warrant the justice in finding a ratification by him, and such finding is conclusive.

II. It is true that Winne is liable only to the extent of the consideration received by him of the plaintiff, and interest thereon from the time it was received, but he has not been made liable even to that extent. When the note

was transferred, it became, in the hands of the plaintiff, the obligation of Swinerton for the payment of $50, and interest from January 21, 1856, and the obligation of Winne for the payment of the same sum, with interest from the time of the transfer. The payment by Swinerton should first be applied to extinguish that part of the debt not secured by Winne (*Clark* agt. *Burdett*, 2 *Hall's Rep.* 197).

Admitting that the justice included in his computation the interest on $50 from January 21, 1856, to the time of the transfer, and that this was error, the judgment ought to be reversed only as to that item of interest, which can be readily separated from the judgment by computation. (*Staats* agt. *H. R. R. Co.* 23 *How.* 463 ; *Story* agt. *N. Y. & H. R. R. Co.* 2 *Seld.* 85, *and note* ; *Townsend* agt. *Chase*, 1 *Cow.* 115.)

J. VAN VOORHIS, JR., *for respondent.*

I. The signing of the note by Winne, without the knowledge or consent of Swinerton, was a material alteration and change of the original instrument, and of its legal effect. It ceased to be the instrument executed by Swinerton. He was no longer liable upon it. It became and was only valid as the several note of Winne. (*Wheelock* agt. *Freeman*, 13 *Pick.* 165 to 168 ; *Burton* agt. *Baker*, 31 *Barb.* 241 ; *Chappell* agt. *Spencer*, 23 *Barb.* 584, *and cases there cited.*)

An alteration of a joint note making it joint and several, or of a several note making it joint, are material alterations, and the instrument requires a new stamp (*Clark* agt. *Blackstock*, *Holt*, 474). Such being the case, the note is void for *usury*. It was a direct loan to Winne of $50, and an agreement to pay interest therefor for a period of more than eight months prior to the loan. It was not a *sale* of

the note.   Winne could not sell his own note (*Burton* agt. *Baker*, 31 *Barb.* 255).

The appellant's counsel cites several cases to show that the undersigning of the note by Winne was not an altera-. tion of it, and does not affect its validity.   The case of *Cobb* agt. *Titus* (10 *N. Y. R.*), is most relied upon.   In that case the court of appeals affirmed the judgment of the supreme court "*for the reasons given by* ALLEN, *J., below.*" No additional opinion was delivered in this court.   The question now under consideration was not raised in the court below, or considered by the learned judge, and, therefore, it is respectfully submitted, was not decided by this court.   The evidence is not given in the case, and it is fair to presume that the undersigning of O. W. Titus was with the consent of the original maker.   For some reason the point was not made, and of course would not be decided.   Had the question been raised before the referee, doubtless there was an answer to it.

In *Burton* agt. *Baker*, PRATT, *J.*, after expressing the opinion that "if the signing of the note by Goodwin, as maker with Wilcox, was without the consent of the latter, he would be discharged," says of the case of *Cobb*. .agt. *Titus*:   "The case, therefore, is directly in point, and although it does not appear that any point was taken in that case, that the first party was discharged by the second party signing, yet the point was clearly in the case, and the decision could not have been made except upon the assumption that he was not discharged.   If an important consideration has been overlooked in the court of appeals, I think we should leave it to that court to correct the error."   Neither was the point raised or passed upon in *Muir* agt. *Demaree*, nor in *Partridge* agt. *Colby*, both of which are cited by the appellant.

Swinerton cannot be said to have ratified or affirmed the validity of the note by his payment thereon after the alter-ation, when he was ignorant of the existence of the alter-

ation. He could not ratify or affirm that which was unknown to him. If the alteration discharged Swinerton, and made the note the several note of Winne, it was not in the power of Swinerton afterwards to modify or change the legal effect of Winne's contract. The plaintiff did not present his case to the justice upon any such theory. The fact of the payment was drawn out by the cross-examination of the plaintiff as a witness.

II. In any event Winne cannot be held for more than $50 and interest from the time he received the money. This is conceded in appellant's second point (*Cobb* agt. *Titus, and cases there cited*).

1. But it is claimed that he has not been made liable even up to that extent. If Winne is a surety or guarantor, then his undertaking is that Swinerton shall pay on the note $50, and interest from October 1, 1856. And whatever Swinerton does pay goes to reduce Winne's liability to the full extent of such payment. (*Morryatt* agt. *White*, 2 *Stark. Rep.* 101; *Ross* agt. *McLaughlin*, 7 *Gratt.* 86; *Hamer* agt. *Kirkwood*, 25 *Miss.* 95; *Spier* agt. *Houston*, 4 *Bligh, N. S.* 515; *Dows* agt. *Cory*, 10 *Barb.* 183; *Stendale* agt. *Hankinson*, 1 *Simons*, 393; *Burton* agt. *Baker*, 31 *Barb.* 256; *Edwards on Bills*, 218; 2 *Parsons on Contracts*, 145; *Raikes* agt. *Todd*, 8 *Adolph. & El.* 846.) Suppose Winne had signed a guaranty that Swinerton should pay on the note $50, and interest from October 1, 1856, would the legal effect of the obligation be changed? (*Burton* agt. *Baker, above cited, p.* 256.) Sureties are the favorites of the law (8 *Wend.* 516).

2. The defendant does not complain of an erroneous computation of interest. The error of the justice consists in allowing interest from January 21, 1856, when it should have been allowed only from October 1, 1856, and in holding as matter of law that the defendant was liable on the note to its full extent.

3. This court will render such judgment as the county

court should have rendered.   The county court could not
correct the error of the court below.   It could only affirm
or reverse the judgment as a whole.   The judgment is
upon a single cause of action and is indivisible.   (*Code*,
§ 366; *Kasson* agt. *Mills*, 3 *How.* 377; *Staats* agt. *H. R. R.
R. Co.* 23 *How.* 463; *Hardy* agt. *Seely*, 3 *Abb.* 103.)

MULLIN, J.   It has been too long and too well settled to
be open for discussion, that an alteration of a written con-
tract in a material part, without the consent of the parties,
discharges them from liability.   This rule applies to bills
and notes, as well as to all other species of contracts.   It
was held in England, in *Gardner* agt. *Walch* (32 *E. L. & E.*
162), that the addition of the name of a person to a joint
and several promissory note signed by two as makers,
without the knowledge and assent of one of them, was
such a material alteration as avoided the note.   The same
principle was applied in this state in *Chappell* agt. *Spencer*
(23 *Barb.* 584; see *Edwards on Bills*, 681).   In those cases,
and in others which might be cited, the notes alleged to
be altered were in terms joint and several.   But I have
found no case, and none has been cited, holding that a
name added to a several note, is such a material alteration
as avoids it, and upon principle I can perceive no reason
why it should be so held.   A note "I promise to pay,"
can never be made a joint contract, however many names
may be added to it.   The law presents an action against
the makers as upon a joint or several contract, but the
contract itself is not changed.   The liability of the first
signer is the same, however many may be joined in the
action with him.   The note continues to be payable on
the same day, at the same place, and to the same person,
and for precisely the same amount, and if there are any
other parts of the obligation which can be considered mate-
rial in the sense that an alteration in that respect vitiates
the note, I am unable to comprehend it.   Permitting par-

ties to be united in the same action with a several maker, does not change the contract.   If that were so, the law of 1831, which permitted all the parties to a bill or note to be united in the same action would have been unconstitutional, as impairing the obligations of existing contracts, as then every bill or note then in existence would have been rendered void, unless actions thereon were prosecuted under the previous law.   But no one supposed it was not entirely competent for the legislature to regulate the mode of enforcing such contracts, by uniting such and so many of the parties in one action as it deemed proper.   But it may be said that in the law of notes and bills, the contract although in form several, yet when signed by two or more persons, it may be sued upon as a joint and several paper, is a rule of law which becomes a part of the contract, and the contract is to be construed in reference to it.   This condition does not change it; it is still a several contract, and is joint only for the purposes of the remedy upon it. Again, if a several note is avoided by adding thereto the name of another as maker without the consent of the first signer, who should be permitted to avail himself of the objection, not the last signer surely, for as to him the contract only takes effect from the day of transfer, and to the amount he receives.   His contract is not identical with that of the first maker, and signing by the second maker does not and cannot .vary the contract of the first (*Cobb* agt. *Titus*, 10 *N. Y.* 198, *and cases cited*).   Whatever right the first maker may have to complain, the second can have none.   The case of *Potter* agt. *Colby* (19 *Barb.* 248), decides the question under consideration in accordance with the foregoing views.   But that case was overruled by *Chappell* agt. *Spencer* (*cited supra*).   Although that case has not been itself overruled, yet this court in *Cobb* agt. *Titus*, came to a conclusion wholly at war with that case, and must be understood as overruling it, and the cases on which it rests. In *Cobb* agt. *Titus*, the note was made by Nile, payable to

Robert Titus or order, and delivered to him for a valuable consideration. Titus applied to the plaintiff to raise the money on it, who refused to let him have it unless he would get O. W. Titus to indorse or sign it as surety. O. W. Titus did sign it as security, and the plaintiff paid therefor $15 less than its face. The note was on interest. Nile and O. W. Titus were sued; the former permitted judgment to pass against him, and the latter defended. There was judgment for the plaintiff for the amount advanced on the note by the plaintiff, and the case came to this court on appeal, and Justice ALLEN in his opinion, which was adopted as the opinion of the court, says: "The note is none the less the several note of Nile, and valid as such because the defendant has subscribed his name to it as surety, and thus become collaterally liable for its payment. A difficulty might arise in treating it as a joint note, but that is obviated in this case." Although the point does not appear to have been distinctly presented in the case of *Cobb* agt. *Titus*, that adding the name of O. W. Titus was such an alteration of the note as avoided it, yet the court could not have decided the case in favor of the validity of the note, without meeting and disposing of that question. It could not have been valid against Nile as Justice ALLEN says it was, if the addition of the name of Titus rendered it void. The case of *Cobb* agt. *Titus*, was understood by the supreme court in *Burton* agt. *Baker* (31 *Barb.* 241), as holding that the addition of a maker does not vitiate the note, and such it seems to me should be the law, especially as between the holder and the last signer of the note. The judgment of the supreme court must be reversed, and that of the county court and of the justice affirmed. But as the plaintiff was only entitled to recover the money paid to him and interest, deducting therefrom all payments made by the first signer, the judgment of the justice was for too much. Instead of being for $14.75 damages, it should be for $14.31, and unless the plaintiff will stipulate to allow

this sum in reduction of the judgment, the judgment of the supreme court must be affirmed. The county court has authority under section 366 of the Code, to modify the judgment according to the justice of the case, without regard to technical errors. The general term has the same power. (*Staats* agt. *Hudson River R. R. Co.* 23 *How. Pr.* 463; *Fields* agt. *Newal*, 15 *Abb.* 6.) This court has the same power. (*Tillou* agt. *Kingston M. Ins. Co.* 1 *Seld.* 405; *Chouteau* agt. *Sugden*, 21 *N. Y.* 179.)

The judgment of the general term must be affirmed unless the plaintiff will stipulate to deduct from the judgment of the justice the sum of $3.14 as of the day the judgment was rendered by the justice, in which event the judgment of the supreme court is reversed, and that of the justice and of the county court affirmed as modified.

The following is the order of the court: "Judgment of supreme court reversed, and judgment of county court and justice's court affirmed with costs, provided plaintiff deducts from judgment $3.14, as of the date of justice's judgment, otherwise judgment affirmed with costs."