Mullin, J.
It has been too long and too well settled to be open for discussion that an alteration of a written contract in a material part, without the consent of the parties, discharges them from liability. TMs rule applies to bills and notes as well to all other species of contract.
It was held in England, in Gardner v. Walsh (32 E. L. *408 & Eq. Rep. 162), that the addition of the name of a person to a joint and several promissory note, signed by two as makers, without the knowledge and assent of one of them, was such a material alteration as avoided the note. The same principle was applied in this state, in Chappell v. Spencer (23 Barb. 584), and in Edwards on Bills, 681.
In those cases, and in others which might be cited, the notes alleged to be altered were in terms joint and several. But I have found no case, and none has been cited, holding that a name added to a several note is such a material alteration as avoids it, and upon principle I can perceive no reason why it should be so held.
A note written, “I promise to pay,” &c., can never be made a joint contract, however many names maybe added tó it. The law permits an action against the makers, as upon a joint or several contract, but the contract itself is not changed. The liability of the first signer is the same,' however many may be joined in the action with him. The note continues to be payable on the same day, at the same place, and to the same person, and for precisely the same amount, and if there are any other parts of the obligation which can be considered material in' the sense that an alteration in that respect vitiates the note, I am unable to comprehend it. Permitting parties to be united in the same action with a several maker does not change the con-' tract. If that were so, the law of 1831, which permitted all the parties to a bill or note to be united in the same action, would have been unconstitutional as impairing the obligation of existing contracts, or then every bill or note then in existence would have been rendered void, unless actions thereon were prosecuted under the previous law. But no one supposed it was not entirely competent for the . legislature to regulate the mode of enforcing such contracts by uniting such and so many of the parties in one action as it deemed proper. But it may be said that in the case of notes and bills, the contract, although in form several, *409 yet when signed by two or more persons it may be sued upon as a joint or several paper, is a rule of law which becomes a part of the contract, and the contract is to be construed in reference to it. This consideration does not change it. It is still a several contract, and is joint only for the purpose of the remedy upon it.
Again, if a several note is avoided by adding thereto the name of another as maker, without the consent of the first signer, who should be permitted to avail himself of the objection? Not the last signer, surely, for as to him the contract only takes effect from the day of transfer and to the amount he receives. His contract is not identical with that of the first maker, and signing by the second maker does not and can not vary the contract of the first. (Cobb v. Titus, 10 N. Y. 198, and cases cited.) Whatever rights the first maker may have to complain, the second can •have none.
The case of Partridge v. Colby (19 Barb. 248), decides the question under consideration in accordance with the foregoing views. But that case was over-ruled by the case of Chappell v. Spencer, cited supra. Although that case has not been itself over-ruled, yet this court, in Cobb v. Titus, came to a conclusion wholly at war with that case, and must be understood as over-ruling it and the cases on which it rests. In Cobb v. Titus the note was made by Yiele, payable to Robert Titus, or order, and delivered to him for a valuable consideration. Titus applied to the plaintiff to raise the money upon it, who refused to let him have it unless he would get O. N. Titus to endorse or sign it as security. O. N. Titus did sign it as security, and the plaintiff paid therefor fifteen dollars less than its face. The note was on interest. Yiele and O. N. Titus were sued; the former permitted judgment to pass against him, and the latter defended. There was judgment for the plaintiff for the amount advanced on the note by the plaintiff, and the case came to this court on appeal. Justice *410 Allen, in his opinion, which was adopted as the opinion of this court, says: “The note is none the less the several note of Yiele, and valid as such, because the defendant has subscribed his name to it as surety and thus become collaterally liable for its payment. A difficulty might arise in treating it as a joint note, but that is obviated in this case.”
Although the point does not appear to have been distinctly presented in the case of Cobb v. Titus, that adding the name of 0.1ST. Titus was such an alteration of the note as avoided it; yet the court could not have decided the case, in favor of the validity of the note, without meeting and disposing of that question. It could not have been valid. against Yiele, as Justice Allen says it was, if the addition of the name of Titus rendered it void.
The case of Cobb v. Titus was understood by. the supreme court in Burton v. Baker (31 Barb. 261), as holding that the addition of a maker did not vitiate the note, and such, it seems to me, should be the law; especially as between the holder and the last signer of the note.
The judgment of the supreme court must be reversed, and that of the county court, and of the justice, affirmed. But as the plaintiff was only entitled to recover the money paid by him, and interest, deducting therefrom all payments made by the first signer, the judgment of the justice was for too much. Instead of being for seventeen dollars and forty-five cents damages, it should be for fourteen dollars and thirty-one cents; and unless the plaintiff will stipulate to allow this sum in reduction of the judgment, the judgment of the supreme court must be affirmed.
The county court had authority, under § 366 of the code, to modify the judgment according to the justice of the case; without regard to technical errors. The general term has the same power. (Staats v. Hudson River R. R. Co. 23 How. Pr. 463; Fields v. Moul, 15 Abbot, 6.) This *411 court has the same power. (Tillou v. Kingston M. Ins. Co., 1 Seld. 405; Chouteau v. Suydam, 21 N. Y. 179.)
The judgment of the general term must be affirmed, unless the plaintiff will stipulate to deduct from the judgment of the justice the sum of three dollars and fourteen cents as of the day the judgment was rendered by the justice, in which event the judgment of the supreme court must be reversed, and that of the justice and of the county court affirmed as modified. /
All the judges concurring, judgment accordingly.