# SUPREME COURT.

ORRIN WALLACE and others, appellants agt. JAMES PATTERSON, respondent.

Where an appeal is brought upon a justice's judgment for the sole purpose of *reversing* it, the notice of appeal need not state in what particular the judgment should have been more favorable to the appellant. The appeal in such case falls under section 353 of the Code.

Wallace agt. Patterson.

Section 371 of the Code requires a statement of particulars in the notice of appeal *only* when the appellant claims the judgment below should have been more favorable to him, not when a reversal alone is sought.

In appeals where the judgment below is affirmed or reversed, the successful party is entitled to costs under section 368 of the Code; the question of costs in such cases not being affected by the first paragraph of section 371.

Where the judgment of the justice is sought to be *modified*, a mere *general statement* in the notice of appeal that the judgment appealed from is too large in amount; that it ought to have been for less, or any other similar statement, will not be sufficient to entitle the appellant to costs on the appeal, even though the judgment in the appellate court is more favorable to him than the judgment in the court below (POTTER, J. *dissenting*).

*Schenectady General Term, January*, 1865.

*Before* POTTER, BOCKES, JAMES *and* ROSEKRANS, *Justices.*

THIS is an appeal from an order of the St. Lawrence county court. The facts were these : An action in the nature of trover was brought to recover the value of a cow. The answer was a denial of the complaint. The evidence was of a contract to purchase a cow by plaintiffs of defendant, at $17, $5 paid down, and the balance to be paid when taken away ; defendant to keep the cow two weeks free of charge, and one week longer if desired, for pay, when she was to be taken away. The cow not being called for, after waiting several months, defendant sold her ; afterwards plaintiffs tendered defendant the balance of the price, $12, and $1 for keeping, and demanded the cow; this being refused, the action was brought. The plaintiffs recovered a judgment for $28 damages, the value of the cow as proved. From this judgment the defendant appealed, stating in his notice of appeal the grounds thereof, but not stating any particulars wherein the judgment should be made more favorable to him, but claiming that the judgment was erroneous, and should be reversed.

The judgment was reversed by the county court, whereupon both parties claimed costs, the appellant because the judgment had been reversed ; the respondents because the notice of appeal did not state in what particulars the appellant claimed the judgment below should have been more favorable to him. The clerk rejected the appellant's

claim, and allowed costs to the respondents. On appeal, the action of the clerk was reversed, and costs were allowed to the appellant. It is from this decision of the county court that the present appeal is taken.

MYERS & MAGONE, *for plaintiffs.*
B. PERKINS, *for defendant.*

JAMES, J. In the decision of the present motion, we have nothing to do with the merits of the original appeal. The judgment of the justice having been reversed, it is to be deemed as properly reversed for all the purposes of determining this question of costs. The important question presented by this appeal is, whether the first paragraph of section 371 of the Code has application when an appeal from a justice's judgment is brought solely for the purpose of reversing the same, and not for its modification, or for being made more favorable to the appellant. Before the Code, justices' judgments of $25 and under, could only be reviewed on certiorari, and were heard on the return; judgments for over that sum were brought up by appeal, a new trial allowed, and if the damages below were reduced $10, the appellant had costs, even though the respondent had a verdict. This practice was abolished by the Code, and in all cases appeals from justices' judgments were heard on the return. The amendments to chapter 5, title 11, of the Code in 1862, in a measure revived the old practice, so far as to allow a new trial when the claim of either party litigated below exceeded $50, and regulated the question of costs by the provisions of the first paragraph of section 371, in case the jury on the second trial rendered a verdict more favorable to the appellant than tl e recovery below.

The notice necessary to perfect the appeal (§ 353), is not changed by the amendments of 1862, neither is section 368, as to who shall have costs if the judgment below be

affirmed or reversed. Section 371 requires a statement of particulars in the notice of appeal only when the appellant claims the judgment below should have been more favorable to him, not when a reversal alone is sought (*Wynkoop agt. Hulbert*, 25 *How.* 158). In appeals, where the judgment below is affirmed or reversed, the successful party is entitled to costs under section 368 ; the question of costs in such cases not being affected by the first paragraph of section 371. Does said part first of section 371, apply to appeals where a new trial is not allowed ? It has been repeatedly held that the county court on appeal had no authority to review the evidence given before the justice, and to reverse, affirm or modify the judgment on questions of fact arising from such evidence, or to reverse in part a judgment rendered for entire damages, notwithstanding the appellate court (§ 366) is authorized " to give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits ; to affirm or reverse the judgment below in whole or in part, and as to any or all of the parties ; and for errors of law or fact." (*Kasson agt. Mills*, 8 *How.* 377 ; *Adsit agt. Wilson*, 7 *How.* 68 ; *Hardy agt. Steele*, 3 *Abb.* 103 ; *Fanning agt. Lent*, 3 *E. D. Smith*, 206.) Upon this rule of construction it would be of no benefit to the appellant to state, or loss to omit to state in his notice of appeal, the particulars wherein he claimed the judgment should have been more favorable to him, unless it might be as a prick to the conscience of the respondent, because the court having no power to modify the judgment, could not punish the omission with costs. Recent decisions, however, indicate a disposition to follow more closely the letter and spirit of the Code (*Staats agt. Hudson River Railroad Co.* 23 *How.* 463 ; *S. C.* 39 *Barb.* 298 ; *Decker agt. Hassel*, 26 *How.* 328), and if the rule of construction stated in these cases be adhered to, then the provisions of section 371 become as im-

portant in one class of appeals as the other, in cases where a modification is sought.

It is important that the profession should understand clearly the particularity of statement required by section 371. In *Fox* agt. *Nellis* (25 *How.* 144), it is said : "It is a sufficient compliance with the requirements of section 371, to say that the judgment below is for too large a sum ; that it could never have been intended that a specific sum should be named ; that the section does not demand it ; if named it would be surplusage, where the particular has been sufficiently noted, to wit, that the judgment is for too large an amount, the prevailing party is put to the responsibility of saying how much he will reduce it, not the appellant to say how much he demands to have it reduced." In *Forsyth* agt. *Ferguson* (27 *How.* 69), the court says : " The notice should indicate clearly to the respondent the particular or particulars in which the judgment should be modified. It is solely for his consideration and action, upon the theory that the further litigation of the matter may be thus arrested. The statute should be so construed as to render it a valuable and practicable improvement, as the legislature designed it to be. It then affords the parties an opportunity to deliberately examine their controversy after one trial and determination of it, and before they enter upon another. To secure this result the appellant should do something more than to allege general grounds of error affecting the entire judgment. The terms used in the law, as well as the objects to be attained in its alteration require it. He must specify, separate or distinguish in a tangible form, so that the respondent may comprehend the precise change in the judgment to which he is willing to consent. Terms of a general nature are not sufficient. The proceedings will then be plain, intelligible and valuable, affording facilities for the correction of errors, mistakes and misapprehensions, without the intervention and expense of an appellate court."

This exposition of the statute seems to me correct, and clearly demonstrates that the learned judge in *Fox* agt. *Nellis* (*supra*), was wrong in holding that terms of a general nature were sufficient. The theory of the amendment to the 5th chapter of the 11th title is this : If a party feels aggrieved by a judgment of a justice, he may appeal ; if his whole ground of complaint is that the judgment is erroneous, and should be reversed, his case falls under sections 353 and 368 ; but if he claims that the judgment for any reason should be made more favorable to him, he must point out in his notice of appeal in what particular. This should be plain, clear and specific, so that the respondent may know precisely and exactly what is meant or demanded. In this case, for instance, had the appellant desired to rely upon a modification of the judgment, as well as a reversal, he should have stated in his notice that he claimed the same should be made more favorable to him, or that the damages were too large in this ; that the unpaid purchase money and interest should have been deducted from the damages, or keeping of the cow (specifying the sum), it being an unliquidated demand ; and not having done so, had the judgment been modified instead of being reversed, he would have been subjected to the costs. And in any case, if a judgment is modified for a cause not stated in the notice of appeal, it should be with costs to the appellant. If the notice of appeal contains the requisite statement of particulars, it is optional with the respondent to offer to have the judgment below amended. He may disregard the statement, he may offer to adopt it, or he may make a greater or less offer. If the judgment be modified in any of the particulars specified, and no offer has been made by the respondent, the appellant recovers costs ; or if an offer be made less than that specified in the notice, and it is not accepted, the appellant has costs, if he obtains in the appellate court a more favorable judgment than that offered. But if the respondent's offer be to com-

ply with the modifications demanded, and it is not accepted, and the judgment be modified by the appellate court in accordance with such offer, the appellant would not be entitled to costs. The respondent is entitled to costs in all cases when the appellant is not (§ 371). In this case no statement was made as required by section 371 ; no modification of the judgment below was asked for or obtained. The appeal was from the entire judgment as erroneous. The grounds were stated in the notice of appeal as required by section 353, and the judgment below having been reversed, the appellant was entitled to costs (§ 368).

The order appealed from should be affirmed, with $10 costs and disbursements.

POTTER, J., *dissented* as to the necessity of stating the particulars in which the judgment should have been more favorable to the appellant, and adhered to the opinion expressed by him in *Fox* agt. *Nellis* (25 *How.* 144).