WEED *vs.* LEE and another.

On an application by a party for an adjournment, in a justice's court, the justice has the right to allow the opposite party to introduce evidence showing that the application is not made in good faith and is groundless.

An appellate court will not interfere with the discretion of a justice of the peace in determining a question of adjournment, except in a clear case of an abuse of such discretion.

Although a justice errs in rendering a judgment for the plaintiff for more than is claimed in the complaint, that does not require the reversal of the whole judgment, absolutely. The judgment should be reversed, in such a case, unless the plaintiff remits the amount of the excess.

The Supreme Court, on appeal from a county court, has authority to correct the judgment by conforming it to the pleadings, in the amount. In such a case it is the duty of the court to reverse for the erroneous part and affirm as to the residue.

The same right and duty appertain to the county court; and if that court fails to exercise the right, it is the duty of the Supreme Court, and the Court of Appeals, to modify and correct the judgment of the justice.

APPEAL from the judgment of the county court of Broome county, on appeal from a judgment of a justice of the peace.

*L. Seymour,* for the appellant.

*Wm. Barrett,* for the respondents.

Weed *v.* Lee.

*By the Court,* MASON, J.   There was no error in law committed by the justice in refusing a further adjournment to the defendant.   He had the undoubted right to allow the plaintiff to introduce evidence, on such application, showing that the defendants' application for adjournment was not made in good faith, and was groundless.   There was no abuse of the discretion with which the law invests every justice of the peace in determining these questions of adjournment, and we cannot interfere with his determination, except in a clear case of abuse of such discretion.

I am inclined to think that the justice erred in rendering a judgment for the plaintiff for some $31 more than was claimed in the complaint ; but this did not require the reversal of the whole judgment, absolutely.   The judgment should have been reversed unless the plaintiff remitted the amount of the excess.   (*Corning* v. *Corning,* 2 *Seld.* 97, 104, 105.)   And as my brethren are of opinion that this court has authority to correct the judgment by conforming it to the pleadings in the amount, the judgment must be reduced to the amount claimed in the complaint, and affirmed as to the residue.   The rule may be regarded as settled, that in such a case it is the duty of the court to reverse for the erroneous part and affirm as to the residue.   The case of *Staats* v. *The Hudson River R. R. Co.,* (39 *Barb.* 298,) is in point, and decides the very question ; so also is the case of *Decker* v. *Hassel,* (26 *How. Pr.* 528.)   The same is held again in the case of *Fields* v. *Moul,* (15 *Abb.* 6.)   And the Court of Appeals has expressly held both the right and the duty of the county court to be as above stated, and have declared it to be both the duty of this court and the Court of Appeals to modify and correct the judgment where the county court this respect does not do it.   (*Brownell* v. *Winnie,* 29 *N. Y. Rep.* 400, 410.   *See also Tillou* v. *Kingston Mutual Insurance Co.,* 1 *Seld.* 405 ; *Chouteau* v. *Suydam,* 21 *N. Y. Rep.* 179.)   The common pleas of the city and county of New York have exercised this power with very great liberality,

as will be seen by reference to the following cases : 1 *Hilt.* 39 ; 4 *E. D. Smith,* 195, 162, 165, 46, 18, 20, 220, 224, 255, 469, 473, 476.

The judgment of the county court must be reversed, and the judgment of the justice reduced as above indicated, and affirmed as to the residue.

[BROOME GENERAL TERM January 28, 1868. *Mason, Balcom* and *Boardman,* Justices.]