## WISE *v.* EASTHAM.

PLEADING.—*Answer.*—A paragraph of an answer began thus: "That at the time of said supposed wrongful taking of the property in the first count of said plaintiff's complaint mentioned, the defendant," &c.

*Held,* that this was sufficiently explicit to distinguish this paragraph as intended to apply only to the first paragraph of the complaint.

TAXES.—*Authority of City Treasurer.*—The tax duplicate and the warrant attached thereto, provided for by section 23 of the act for the incorporation of cities (Acts 1867, p. 41), constitute the city treasurer's authority for enforcing the payment of taxes by seizure and sale of property, and, taken together, confer on him the same power to seize and sell personal property as is conferred by an execution upon a sheriff; but the duplicate, unaccompanied by the warrant, is not sufficient.

SAME.—*Alteration of Assessment.*—The city treasurer has power to assess

persons whom the assessor has failed to list, but has no authority to alter upon the tax duplicate an assessment made by the assessor, or to add to such assessment by the assessor property omitted therein belonging to the person assessed.

APPEAL from the Knox Circuit Court.

Wise, the appellant, sued Eastham. The complaint is in two paragraphs. The first charges that the defendant, on the 11th day of June, 1868, wrongfully took from the plaintiff's possession, one horse, buggy, and harness, the property of the plaintiff, and refused to release the same unless the plaintiff would pay him one hundred and fifty-two dollars and fifty cents, and that, for the purpose of obtaining possession of said property, the plaintiff paid the defendant the sum demanded.

The second paragraph alleges, that on the 1st day of March, 1865, the plaintiff delivered to the assessor of the city of Vincennes a statement of his taxable property of that year, which was accepted by the assessor; that in accordance with said statement taxes were assessed by the city against the plaintiff; that on the 1st day of December, 1865, the defendant, he then being the treasurer of said city, and having in his hands the tax duplicate thereof for the year 1865, on which taxes were assessed against the plaintiff, according to the list of his property so furnished by him to the assessor, wrongfully and unlawfully added to the taxes so assessed against the plaintiff one hundred and twenty-five dollars, claimed by him to be error in the assessment of the plaintiff's personal property; that the sum so wrongfully added to the plaintiff's taxes was returned by the defendant from year to year as delinquent, and as such was added to the plaintiff's taxes in each subsequent year; and that on the 11th of December, 1867, the defendant, under pretense of collecting said sum of money, took into his possession the plaintiff's horse, buggy, and harness, and, to procure the release thereof, the plaintiff was compelled to, and did pay the defendant the sum of one hundred and fifty-two dollars and fifty cents.

The defendant answered in four paragraphs :—1. A general denial to both paragraphs of the complaint.

2. "That at the time of said supposed wrongful taking of the property in the first count of the plaintiff's complaint mentioned, the defendant was the treasuer of the city of Vincennes, and as such had the tax duplicate; that there was assessed on the duplicate against the plaintiff money, bank notes, and bonds, before that time owned by him, and subject to be assessed for taxes for the year 1865, on which there had been assessed a tax of one hundred and twenty-five dollars, which, with costs and expenses in the collection of the same, amounted to the sum of one hundred and fifty-two dollars and fifty cents; that the supposed wrongs were done by the defendant as treasurer, within the city, and in the collection of said tax after plaintiff had notice.

The third paragraph is an answer to the second paragraph of the complaint, and charges that the plaintiff did not deliver to the city assessor a true statement of his property, but fraudulently failed to return to the assessor property to the value of twenty-five thousand dollars subject to taxation, consisting of money on hand and on deposit, and money loaned and at interest; that the tax complained of was assessed on this property; that the defendant, before he made the assessment, requested the plaintiff to list said property, which he refused to do. Whereupon the defendant listed the same and made the assessment complained of, in the collection of which the supposed trespasses were committed.

The fourth paragraph, which is also in answer to the second paragraph of the complaint, alleges that on the 29th of December, 1864, the plaintiff was possessed of a large amount of personal property in said city, subject to taxation, of the value of fifty thousand dollars, consisting of money on hand and on deposit and money at interest; that for the fraudulent purpose of avoiding the payment of tax on this property, the plaintiff removed the same to some secret place until the 8th day of January, 1865, when he

redeposited the same in the place where it had been usually kept in said city; that on this property the defendant made the assessment complained of, after he had requested the plaintiff to list the same, which he refused to do; that there was due on account of this property, taxes, costs, charges, and expenses, amounting to the sum collected by him, in the collection of which the supposed wrongs were committed.

The plaintiff demurred to the second, third, and fourth paragraphs of the answer separately. The demurrer was overruled, and plaintiff excepted.

He then replied to the second paragraph of the answer:—

1. That the duplicate of 1865 came to the hands of the defendant with taxes assessed against the plaintiff according to the listing of the city assessor; that the defendant unlawfully changed the assessment against the plaintiff by adding thereto as follows: "Additional amount personal assessed on account error," and in the column for value of personal property, "$25,000," and in the column for taxes, "$125;" and thereby increased the plaintiff's taxes one hundred and twenty-five dollars; that said trespasses were committed in attempting to collect this one hundred and twenty-five dollars; that there was no other or different assessment, and the property now claimed to have been assessed was not otherwise described than as above stated.

The second paragraph avers the same facts as the first, and in addition thereto, it states that the assessment was made by the defendant in 1865; that he then, from year to year, returned the amount so assessed by him as delinquent, by which he procured penalty and interest to be added, which together on the duplicate of 1867 amounted to one hundred and fifty-two dollars and fifty cents, in the second paragraph of the answer mentioned; that the plaintiff each year, and before said trespasses were committed, paid all the sums assessed against him, except the amount so assessed by the defendant, with interest and penalty thereon, which he refused to pay; that the sums of money were not assessed or added to

the assessment otherwise than as above stated, which defendant when he committed the trespasses well knew; and that there was no other or different statement or description made of the property on account of which said assessment was made than that above stated.

The third paragraph is a reply to the third and fourth paragraphs of the answer, and is, in substance, the same as the first.

In the fourth paragraph the plaintiff protests against having had the property and money charged in the third and fourth paragraphs of the answer, and denies that the defendant assessed against the plaintiff the said one hundred and twenty-five dollars on account of the money, property, and choses in action in said paragraphs mentioned.

There was a trial by jury, which resulted in a finding and judgment for the defendant, a motion for a new trial having been overruled.

ELLIOTT, J.—It is contended by the appellant that the Circuit Court erred in overruling the demurrer to the second paragraph of the answer. The first objection urged to it is, that it assumes to answer both paragraphs of the complaint, when, if the facts alleged constitute an answer to any part of the complaint, they can only be so applied to the first paragraph, and do not present any ground of defense to the second. But the paragraph, as we understand it, is only pleaded to the first paragraph of the complaint. The language used, in referring to the paragraph intended to be answered, is not as explicit as it might be, but we think it is sufficient to exclude the inference that it was intended to apply to the second paragraph of the complaint. Is it a good answer to the first paragraph of the complaint?

The 23d section of the act for the incorporation of cities (Acts 1867, p. 41) makes it the duty of the city clerk, annually, between the first Monday of June and the fifteenth of November, to make out a duplicate of the taxes assessed therein, and requires him to "deliver the same, with a war-

rant under the corporate seal of said city, attached thereto, to the treasurer of said city, directing him that of the goods and chattels of all and every person named in said duplicate, and of all persons whose names may be added thereto by him, he shall cause to be made, by distress and sale if necessary, the amount of tax charged against each of said persons named in said duplicate," &c.    It is averred in the second paragraph of the answer, that the defendant was the city treasurer, and as such had in his possession the tax duplicate upon which there was assessed against the plaintiff certain taxes, &c., in the collection of which he did the acts complained of; but it contains no averment that the duplicate was accompanied by the warrant required by the statute.

The duplicate and warrant constitute the treasurer's authority for enforcing the payment of taxes by seizure and sale of property.    Taken together, they constitute a writ in the nature of an execution, and confer upon the treasurer the same power to seize and sell personal property that is conferred by an execution upon a sheriff; but the duplicate alone is not sufficient.    It does not justify a seizure of property for taxes, unless it is accompanied by a warrant as required by the statute.    As the paragraph failed to show that fact, it was bad, and the demurrer to it should have been sustained.

The second error assigned is upon the action of the court in overruling the appellant's demurrers to the third and fourth paragraphs of the answer, which were pleaded to the second paragraph of the complaint.    The material question presented by these answers is, had the treasurer authority, by virtue of his office as such, and having in his hands the tax duplicate for the year 1865, to correct the assessment of the plaintiff's property by adding thereto, or by assessing property belonging to him which he had failed to give to the assessor for the year 1865?    The only provision of the statute, referred to by counsel, or that we have been able to find, bearing on the question, is the 49th section of the act

for the incorporation of cities, &c., 1 G. & H. 229, which provides that "the treasurer shall require of each and every person whom the assessor failed to list, a statement of the taxable property, and the value thereof, which shall be given under the same regulations as if furnished the assessor; and for that purpose the treasurer is authorized to administer the necessary oath or affirmation. If such person fail to furnish such statement, the treasurer shall value the same as the assessor is required to do in like cases." But this does not seem to cover the case. Wise, it appears, was regularly assessed by the city assessor, and was charged on the duplicate for 1865 with taxes levied on personal property. The assessor, therefore, did not fail to list him; but it is alleged that Wise failed to give the assessor, when listed, a list of all the personal property owned by him.

The assessment roll, when returned by the assessor, is presumed to be correct, and to contain a proper assessment of all property owned by the persons listed subject to taxation. Under the act of 1852, the common council and assessor constituted a board of equalization (to which the act of 1867 has added the clerk), with power to equalize the assessments and valuations made by the assessor, as right and justice may require. This duty, however, is required to be performed before the duplicate is made out and delivered to the treasurer. The principal duty of the treasurer is to collect the taxes as he finds them upon the duplicate, and, however erroneous or imperfect the assessments may be, he has no power over them other than that specially conferred by law. The section of the act above referred to does not confer on him the power to alter the assessments made by the assessor, or to add thereto property belonging to a person assessed, but which was omitted in the assessment. It simply confers on the treasurer the power to assess persons "whom the assessor failed to list." We think, therefore, that the additional assessment made by the defendant in 1865 against the appellant was without

authority of law, and that under the second paragraph of the complaint, the appellant was entitled to recover the damages resulting to him therefrom. Neither the third nor fourth paragraph of the answer presents a valid defense to the second paragraph of the complaint, and the court erred in overruling the demurrers to them.

Certain instructions given by the court to the jury are also complained of. They contain, substantially, the same errors as in the rulings on the demurrers to the answer, and, as the case is reversed on the pleadings, a further notice of them is rendered unnecessary.

The judgment is reversed, with costs, and the cause remanded, with instructions to the Circuit Court to sustain the demurrers to the second, third, and fourth paragraphs of the answer, with leave to amend.

*F. W. Viehe*, for appellant.

*N. F. Malott* and *T. R. Cobb*, for appellee.