LEVI BURGETT, Respondent, *v.* ELIJAH EDWARDS, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, DECEMBER, 1870.)

The refusal of an adjournment by a justice of the peace, upon application under 2 R. S., 239, § 75, for absence of a witness, on the defendant's affidavit, which contains no allegation that he cannot safely proceed to trial without the witness, the materiality of whose testimony is asserted upon the deponent's belief, on advice of his counsel, there being no proof that the counsel had knowledge of the testimony desired, and it appearing that the defendant had no knowledge of the testimony, will not be disturbed on appeal.

Nor is it error if the justice refuse an attachment on such an affidavit, although service of a subpœna is duly shown.

APPEAL from a judgment of the County Court of Cortland county, affirming a judgment rendered by a justice of the peace in favor of the plaintiff.

*William H. Warren,* for the appellant.

*S. Kellogg,* for the respondent.

Present—MILLER, P. J., HOGEBOOM and PARKER, JJ.

MILLER, P. J. I think that there was no error in law committed by the justice in refusing a further adjournment to the defendant. The defendant, upon the application made for the adjournment, swore that he was advised by his counsel that one Rice was a material witness in the case; that he considered him such; that he was not present; that he had

Burgett *v.* Edwards.

subpœnaed him and paid him; that he told him the day before he could not come; and he expected to procure his attendance upon the adjourned day. Upon being cross-examined, he stated that he could not tell what the witness knew about the matters in the suit. Upon being asked, "Do you know that he knows anything about the matters in this suit?" he replied, "I cannot tell what he knows about it." It will be seen that the proof furnished did not comply with the provisions of the Revised Statutes (2 R. S., 239, § 75), which requires proof, "to the satisfaction of the justice, that he cannot safely proceed to the trial for the want of some material testimony or witness," &c. The allegation was not made that the defendant could not safely proceed to trial without the witness; and the materiality of the witness is based upon the advice of counsel, with no proof that the counsel had knowledge as to such materiality. If the counsel had known what the witness would swear to, perhaps it would have obviated the difficulty. But, as it does not appear that he did know, and the defendant swore he could not tell what the witness knew, it appears quite evident that the witness was not shown to be material. At least, it presented a doubtful question, which the justice was called upon to decide; and his decision was, therefore, conclusive. It may be added, that there was no direct proof of the lawful service of a subpœna and the payment of the legal fees; but this defect is not important, as the decision of the justice can be upheld on other grounds.

Even if it be conceded that it was not absolutely essential that the party should swear in the precise language of the statute, yet there is no such abuse of the discretion with which the law invests a justice of the peace in determining questions of this character as would authorize an interference with his determination. (*Weed* v. *Lee*, 50 Barb., 354.)

There was no error in refusing the application for an attachment. The defendant testified that he had served a subpœna on several witnesses, and had paid them the legal fee. The subpœna is not returned, and it does not appear very distinctly that it was issued in this case; but if it did, the proof did not

show that the testimony of witness was material, as required by the statute. (2 R. S., 240, 241, § 83.)

There was no error; and the judgment of the County Court must be affirmed, with costs.

Judgment affirmed.