Card v. Miller.

---

CARD v. MILLER *et al.*

*Waiver — of objection at trial — Promissory note — alteration of.*

The neglect of a party at trial to request the submission of a question of fact to the jury, *held,* to be a waiver of the objection that it was not submitted.

The payee of an individual promissory note, after its delivery to him, induced another person to sign it. In an action against the maker by an innocent holder, *held,* not a material alteration, nor one affecting the validity of the note.

EXCEPTIONS ordered to be heard at the general term in the first instance, after a verdict in favor of plaintiff directed by the court. The action was brought by Stephen W. Card against John K. Miller and Permelia Miller, upon a promissory note. Upon the 30th of October, 1871, the defendant John K. Miller made and delivered to one Knapp, his promissory note for $500, payable to the order of said Knapp, six months after the date thereof. The consideration for such note was the assignment, by said Knapp as attorney for one Jencks, of letters-patent for an improved match safe, and an agreement between said Knapp and Miller to enter into the manufacture of such safes as partners. Knapp, however, only wanted the note to satisfy Jencks that the sale had been made, and agreed that the note, or Miller's half of it, should only be paid out of the profits of the business.

After the note had thus been made and delivered by Miller to Knapp, the latter, in three or four days, went to Permelia Miller, the mother of defendant John K., and without the knowledge or consent of John K. persuaded her to sign her name to the note under the name of John K., the note being written " I promise to pay," etc.

Soon after the note had been so signed, Knapp sold and transferred it to one Sprague, and by subsequent sales the note came into the hands of the plaintiff, for a valuable consideration, before it was due, and without notice on the part of the plaintiff of any defects or defenses. The note not being paid when due, this action was brought, and upon the trial at the circuit a verdict was ordered by the court for the amount of the note against both defendants.

Two exceptions are urged upon this motion for a new trial, which were ordered heard in the first instance at the general term:

*First.*— That there was no evidence of Knapp's indorsement of the note to warrant a recovery.

*Second.*— That the addition of Mrs. Miller's name, after the negotiation and delivery of the note to Knapp, without the knowledge or consent of John K., was a material alteration of the note and avoids it.

*M. M. Waters,* for plaintiff.

*O. Porter,* for defendant, cited as to the alteration of the note: *Lews* v. *Payn,* 8 Cow. 71; *Wallace* v. *Jewell,* 21 Ohio St. 163; *Nun-*

*nery* v. *Copton*, 1 Hawks, 222; *White* v. *White*, 2 Halst. 175; Addison on Contr. 1081.; *Jewett* v. *Hodgdon*, 3 Greenl. 102; *Irvin* v. *Turnpike Co.*, 2 Penn. 466; *Bridenbecker* v. *Mason*, 16 How. 203; *Blodget* v. *Conklin*, 9 id. 442.

BOARDMAN, J.   The evidence of Knapp's indorsement was sufficient to establish the fact.   In any event it could only have been error to have refused to submit that question to the jury upon request by the defendant.   No such request was specifically made by the defendant.

The testimony of St. John was competent, and tended to establish Knapp's indorsement.   It was also proved by the defendant that Sprague bought the note of Knapp.   All the evidence in the case went to establish the genuineness of the indorsement, and no evidence was given showing or tending to show that it was not genuine.   Under such circumstances the court was justified in treating the proof as sufficient.   But if not, the neglect of the defendant to request the submission of that specific question to the jury was a waiver of the objection.   *Bidwell* v. *Lamont*, 17 How. 357.

A more serious question arises upon the alteration of the note by adding the name of Mrs. Miller, after its delivery to Knapp and without the knowledge of her son.   The authorities are in conflict upon this subject.   In *Chappel* v. *Spencer*, 23 Barb. 584, and in *McVean* v. *Scott*, 46 id. 379, such an alteration is held to be material, and to avoid the note as to the original maker.   But in *Brownell* v. *Winnie*, 29 N. Y. 400, and *McCaughey* v. *Smith*, 27 id. 39, such an alteration has been held by the court of appeals not to be material or to affect the validity of the note.   It is true that the original maker of the note did not defend in *Browell* v. *Winnie*, and that the person making the alteration alone defended; so that the precise question was not before the court.   The case of *McCaughey* v. *Smith* has been severely criticised in *McVean* v. *Scott*, p. 387, and declared to be bad law.   Still, in the face of two such distinct declarations of the law of this case by the court of appeals, I do not feel at liberty to say the alteration under consideration was material.   This note was a several note, and it may well be said the liability of John K. is not increased or varied by the addition of his mother's name as an additional maker, any more than it would have been if she had guaranteed the payment of the note.   Had the form of the signature, as set up in the complaint, to wit, "John

K. Miller and Permelia Miller," been established upon the trial, a different question might have been raised. Because such a signature would import in law a joint and not a several liability. But the case shows only the several signatures of the two defendants, by which a several and not joint liability is created.

Without attempting to review the authorities, I feel bound to recognize and follow the cases cited in the court of appeals.

The motion for a new trial is therefore denied, and judgment ordered for the plaintiff upon the verdict, with costs.

*Judgment accordingly.*

NOTE.— In *Wallace* v. *Jewell*, 21 Ohio St. 163 ; 8 Am. Rep. 48, the Supreme Court of Ohio held that the addition of the name of another as maker to a note in the form "I promise to pay," etc., was a material alteration. See cases therein cited ; also, to the same effect, *Bowers* v. *Briggs*, 20 Ind. 139.— REP.