WILLIAM H. BUSH, RESPONDENT, *v.* MOSES WEEKS, APPELLANT.

*Justice's Court — application for an adjournment — when it rests in the discretion of the justice — when a party can be required to state what he expects to prove by an absent witness.*

When, upon an application for an adjournment in a justice's court, the good faith of the applicant is involved, the granting or refusing of the adjournment rests in the sound discretion of the justice, and an appellate court will not interfere with the decision of the justice, unless an abuse of discretion be clearly shown.

Although it is not usual to require a party to state what he expects to prove by an absent witness on the first application for an adjournment, yet, when his

conduct in applying for a second adjournment is such as to cast suspicion upon his good faith, and he refuses to state, either upon oath or otherwise, what he expects to prove by his absent witness, the justice may refuse to grant the adjournment.

APPEAL by the defendant from a judgment of the County Court of Greene county, affirming a judgment of a justice of the peace.

*D. H. Dailey*, for the appellant.

*John Sanderson*, for the respondent.

BOCKES, J.:

The only ground of error urged in this case is the refusal of the justice to grant a further adjournment, demanded by the defendant on the twenty-third of December. There had been already three adjournments — one by consent of parties, and two on the defendant's application. A fourth adjournment was demanded and refused by the justice, whereupon the defendant abandoned the case.

The last application was based on the absence of two witnesses, whom the defendant swore he had duly subpœnaed, and who, he also swore, were material and necessary witnesses for him on the trial of the case. The defendant's good faith in making this application was a proper subject of inquiry by the justice. If made in bad faith, it was properly denied. In a case involving the good faith of the party making the application, the granting or refusing it rests in the sound discretion of the justice. It was so held in *Onderdonk* v. *Ranlett* (3 Hill, 323). See, also, *Weed* v. *Lee* (50 Barb., 354) and *Sherar* v. *Willis* (5 Lans., 329). And the appellate court will not interfere with the discretion of the justice in determining the question of adjournment, except in a clear case of an abuse of discretion. (*Weed* v. *Lee, supra.*) We are of the opinion that the discretion of the justice was well exercised in this case in refusing a further adjournment. There were strong circumstances of suspicion attending the application. When asked if all his witnesses were to the same point (when instructed that he should answer) he said he could not tell what answers they would make until they were sworn. Then when inquired of how he could swear that their testimony was material (being directed to answer)

he replied, from what he had heard them say. When asked what point he expected Reuben Jump (one of the absent witnesses) would swear to, to which the other witnesses could not testify, he refused to make answer. Again he was asked if there was any material point in the case which he expected to prove by Jump that he could not prove by any witness present, he replied, there was. Then the following questions being put, "Will you now state what that point is?" "On what material point in the case do you expect Reuben Jump to swear?" he refused to answer either of them. He also refused to disclose what he expected to prove by Jump. As to Powel, the other absent witness, he was asked what material points in the case he expected him to swear to, he refused to answer. No application for an attachment was made against either of the absent witnesses, and there was no sufficient proof that they could not have been brought in on that process. An attempt was made to show that Jump was unable to attend from illness or lameness, but the proof was quite insufficient to establish such fact. It appeared that he was able to be about, able to go to the neighbors and to ride in a wagon, and was at church the preceding day; that he was hurt two weeks or more before, but had been out all the time. Here was clearly a case for the exercise of a fair discretion by the justice as to the necessity of an adjournment, having in view the good faith of the party making the application. He should have promptly answered the questions put to him, and should have stated what he expected to prove by the absent witnesses, several previous adjournments having been granted to him. It is not usual to require a party to state what he expects to prove by an absent witness on the first application. (*Pulver* v. *Hiserodt*, 3 How., 49, and cases there cited.) But it was laid down in *Onderdonk* v. *Ranlett* (3 Hill, 323) that where a defendant's conduct on applying for a second adjournment before a justice is such as to cast suspicion upon the *bona fides* of the application, and he refuses to state, either on oath or otherwise, what he expects to prove by his absent witnesses, the justice may refuse the adjournment. The rule is, that where the circumstances attending the application are suspicious and the proof raises just doubt as to the *bona fides* of the party making it, the adjournment is no longer a matter of right, but the granting or refusing it becomes a matter

of discretion with the justice. In such a case, error cannot be predicated on his decision, whichever way he may decide. In this case, as we think, a case was made for the exercise of fair discretion by the justice; and further, that it was here very properly exercised.

Judgment of the County Court should be affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.