## ABBOTT *vs.* YOST.

A school district collector having a regular tax list and warrant for a district tax, can justify when sued for taking the property of a person taxed, upon the principle of the case of *Savacool* v. *Boughton,* (5 *Wend.* 170,) though the district meeting at which the tax was voted was illegal.

ERROR to Seneca C. P. Abbott sued Yost before a justice of the peace, and declared in trespass for taking his goods. On the trial it appeared that the defendant was the collector of school district No. 5 in the town of Fayette, Seneca county, and took the goods by virtue of a warrant and tax list made by the trustees of the district for a tax to build a school house—the plaintiff being one of the inhabitants of the district, and being taxed in the sum of $17,07. The warrant and tax list were regular on their face : but the plaintiff claimed to recover on the ground that the district meeting at which the tax was voted was not a legal meeting, and consequently that the trustees had no jurisdiction to issue the warrant. The justice gave judgment for the plaintiff, which, on *certiorari*, the C. P. reversed. The plaintiff now brings error.

*E. Foote Jr.*, for the plaintiff in error.

*A. Bascom*, for the defendant in error.

*By the Court*, BRONSON, Ch. J. Process regular upon its face, and apparently within the jurisdiction of the court or officer issuing it, is a complete justification to the ministerial officer by whom it is executed; and that is so, although it may be shown that in point of fact the court or officer issuing the process had no jurisdiction. When the defect of jurisdiction appears upon the face of the process, there the ministerial officer acts at his peril; but it is not so where the defect is latent, and has to be made out by extrinsic evidence. In *Savacool* v. *Boughton*, (5 *Wend.* 170,) it appeared that in point of fact the justice who rendered the judgment against the plaintiff had no

jurisdiction; but as it was a case where he might have acquired jurisdiction, and the want of it did not appear upon the execu-tion under which the constable acted, the process was held to be a complete justification.

The erroneous decision of the justice has been properly cor-rected by the common pleas.

Judgment affirmed.