## DOOLITTLE *vs.* DOOLITTLE and others.

Two trustees of a common school district may issue a warrant for the collection of a tax; and the presence of the third trustee at the issuing thereof will be presumed, until the contrary is shown.

The tax list itself need not be signed by the trustees. The signing of the warrant to which the tax list is annexed is sufficient.

A tax warrant, valid on its face, issued by the trustees of a school district in pursuance of a previous order of the board of supervisors, will justify the collector in taking property thereon, even though such order was void.

And being a protection to the officer, it will also protect those who aid him in taking the property.

APPEAL from a judgment of a justice of the peace against the defendants for $1.75 damages, and $4.59 costs; which judgment the defendants paid. The action was for trespass in taking the plaintiff's cow. The defendants justified the taking, under and by virtue of a warrant for the collection of a school tax, signed by two of the trustees of a school district. The warrant was issued in pursuance of an order made by the board of supervisors of Broome county, under the act of May 1, 1847, in relation to suits against district school officers. (*Laws of* 1847, *p.* 163.) The county judge being incapable of acting in the cause, the action was transferred by the county court to this court, pursuant to subdivision 13 of section 30 of the code.

*F. G. Wheeler,* for the plaintiff.

*Northrup & Richards,* for the defendants.

BALCOM, J.   The justice erred in rejecting the tax list and warrant offered by the defendants.   The same were regular on their face.   The presumption, without proof, is that the tax list and warrant were made out when all the trustees were present, though signed by but two of them.   In *McCoy* v. *Curtice,* (9 *Wend.* 17,) it was decided that two trustees may issue a warrant for the collection of a tax, and the presence of the third trustee at the issuing thereof will be presumed, until the contrary be shown.   This principle is too well settled to be questioned.   (*See* 3 *Denio,* 249 ; *Id.* 594 ; 1 *Comst.* 79.)   The statute is that "the warrant issued and annexed to any tax list or rate bill, shall be under the hands of the trustees of the district, or a majority of them." (1 *R. S. 4th ed.* 903, § 144.)   The tax list itself need not be signed by the trustees.   The signing of the warrant, to which the tax list is annexed, is sufficient.   The warrant offered in evidence by the defendants in this case was therefore valid on its face.   And being valid on its face, it justified the collector in taking the plaintiff's cow, even if the order made by the board of supervisors was void.   This principle is clearly established.   (*See Alexander* v. *Hoyt,* 7 *Wend.* 89 ; *Abbott* v. *Yost,* 2 *Denio,* 86.) As the warrant was a justification for the collector who took the cow, by virtue thereof, it protected those who aided him in taking her.   It seems that the collector needed assistance, for German Doolittle tried to prevent him taking the cow. Chief Justice Savage said, in *Elder* v. *Morrison,* (10 *Wend.* 128,) that "whenever a sheriff or constable has power to execute process in a particular manner, his authority is a justification to himself *and all who come in his aid."* (10 *Wend.* 138.   1 *Cowen's Tr. 2d ed.* 514 *and* 515.)   The rule is general, and rests on principle, that process, which justifies an officer in taking property, protects all who aid him in taking

the same. For the foregoing reasons the judgment of the justice, in the action, should be reversed with costs; and, as the defendants paid the judgment, they are entitled to restitution.

Decision accordingly.

[BROOME SPECIAL TERM, April 17, 1860. *Balcom*, Justice.]