55  389
92h 563

# Shaw vs. Davis.

A ministerial officer is protected in the execution of process fair on its face, issued by a court or magistrate having jurisdiction of the subject matter to which it relates.

To justify a seizure of property under execution, a constable is not required to prove the validity of the judgment on which it was issued; or indeed that any judgment in fact was rendered.

The process, formal in all respects, issued by a competent tribunal or officer authorized to act in that regard, is sufficient to protect a ministerial officer who acts under it according to law.

In an action for wrongfully taking property, the plaintiff, on the trial, made out his case by showing simply that the defendant took from him his property. The defendant then proved that he, as constable, took it under execution " A." The plaintiff then, without raising any objection to the execution, proceeded to meet this defense by showing the property to be exempt. *Held*, that this was assuming that the execution was a formal process against the plaintiff, and valid for the defendant's protection, if the property taken under it was not exempt.

And that in the absence of any suggestion on the trial, that the process was informal or invalid, the court, on appeal, would assume that there was proof of an execution against the plaintiff's property, in due form.

It has often been held that where a cause has been tried on the assumption, by the parties, that a fact existed, neither will be heard to assert its non-existence, on appeal. *Per* Bockes, J.

Where it was proved that the plaintiff was a householder, and had a family for which he provided; that he had about thirty bushels of potatoes, four or five bushels of apples, and some sixty or seventy heads of cabbage, which comprised his stock of vegetables, and were levied on, about the middle of February ; and evidence was given as to the number of his family, and as to the fact whether these vegetables were actually provided for family use; *Held* that a case was made for the jury, who had a right to find that the vegetables were all necessary, and actually provided for family use.

The law of exemption is based on just views of human generosity, and should have a liberal application to cases of unquestioned indigence.

The fact that a man is taking his vegetables to market, to exchange them for articles of prime necessity in his family, or even to obtain the means to pay his taxes, will not deprive him of his right to insist that such vegetables were in fact actually provided for family use, and exempt from seizure and sale on execution against him.

Bags are not articles of wearing apparel, nor bedding; nor do they fall within the statutory designation of articles exempt from levy and sale under execution; neither are they necessary for actual use in the preservation of articles declared by statute to be exempt.

Shaw *v.* Davis.

Where a judgment rendered in a justice's court is for different claims; or is for distinct items or articles of property, separable in their nature, and capable of being separated on the record, both as to identity and value, the county court, on appeal, may reverse in part, and affirm as to the residue.

There is no propriety in reversing a judgment in the main correct, because of the erroneous allowance of some small amount. In such a case, justice demands only a modification, and the law admits of that mode of correcting the error.

THIS was an action brought by the plaintiff against the defendant in a justice's court, for the conversion of a quantity of potatoes, cabbages, apples and bags. The defendant denied the complaint, and alleged that he was a constable of the town of Greenfield, N. Y., and as such he took the property in question by virtue of an execution against the plaintiff. The cause was tried March 6th, 1868, in the justice's court, by a jury, and the plaintiff recovered a judgment for damages and costs, $23.93. The defendant appealed to the county court of Saratoga county, where the judgment was reversed. The plaintiff then appealed to this court.

*J. W. Eighmy,* for the appellant. I. The defendant having omitted to raise the objection, upon the trial, that there was a lack of evidence necessary to sustain the plaintiff's case, this court will hold that the plaintiff made out a cause of action. (*Smith* v. *Hill,* 22 *Barb.* 656.)

II. The defendant failed to make out a defense. Assuming to defend the action upon the ground that he was an officer, and levied upon and sold the plaintiff's property under an execution, it was imperative upon him to show affirmatively, 1st, that he acted under an execution regular upon its face; and 2d, that the officer who issued it had jurisdiction of the plaintiff. (*High* v. *Wilson,* 2 *John.* 46. *Cleveland* v. *Rogers,* 6 *Wend.* 438. *Sheldon* v. *Van Buskirk,* 2 *Comst.* 473. *Copley* v. *Rose, Id.* 115. 1. The only proper way to show that he acted under an execution regular upon its face, was to introduce the execution in evidence,

(*Copley* v. *Rose, above cited,*) and then leave the court and jury to determine whether it was sufficient to justify him or not. 2. The only proper way to show that the officer who issued the execution had jurisdiction of the plaintiff, was to prove a judgment. 3. The evidence is insufficient to give the defendant legal authority to act. He is therefore a trespasser, and liable in this action as such. (2 *Greenl. Ev.* § 629.)

III. The plaintiff was a householder, and claimed his property as exempt. Under the statute (3 *R. S.* 5th ed. *p.* 646) he was entitled to all necessary vegetables actually provided for family use. In the case of *Carpenter* v. *Herrington*, (25 *Wend.* 370,) it was held that the statute should be liberally expounded to effect the humane object in view. In the case of *Farrell* v. *Higley*, (*Hill & Denio*, 87,) it was held that a householder was entitled to "all vegetables which may be necessary to keep his family until the next annual period for laying up such provisions;" and in the case of *Willson* v. *Ellis*, (1 *Denio*, 462,) it was held that what is necessary for a householder for the support of his family is a question of fact for the jury, and their finding cannot be disturbed. The facts proved were sufficient to bring the plaintiff under the statute, and the finding of the jury cannot be disturbed, even if the officer had legal authority to act. It may be claimed by the counsel for the defendant that the plaintiff cannot recover, having testified "that the ones he took down were not for family use, but to get groceries." This does not change the law or merits of the case. If the plaintiff had exchanged for groceries, the groceries would be exempted property. The plaintiff having no more property than the law had invested him with for the support of his family, it was his privilege to use it as he thought would serve him best. In exchanging for groceries he was only acting in a wise and prudent manner for the best interests of his family, and should be protected. If a householder chooses to exchange

his exempt property for other exempt property, the law will protect him in the act.

IV. The defendant failed to show what acts he performed to constitute the levy. The burden fell on him of showing that he made one. The defendant says, "I levied by virtue of that execution on the property in question," &c. This is all he says about making a levy. The counsel for the defendant asks the plaintiff this question : "At the time he took the potatoes, did he say he levied on the property by virtue of an execution?" The plaintiff answers, "He did not, to my recollection." The plaintiff's statement stands uncontradicted; it is all there is upon the subject; and should be regarded as if the defendant said nothing about the execution, or his right to take the property. The jury were bound to act in accordance therewith. The defendant only gives a conclusion upon what is a question of law. It is submitted that upon this evidence the finding of the jury upon the question whether a levy had been made, is conclusive. It has been held by the Supreme Court, "that in order to constitute a levy, the officer should assert his title to the goods by virtue of the execution and his acts in the assertion of his right, and the divesting of the possession, should be of such a character as would subject him to an action as a trespasser, but for the protection of the execution. They should be public, open, unequivocal, and nothing should be done by him to cast concealment over the transaction. * * * There is no hardship in compelling an officer to manifest his intention to make a levy, by acts or declarations of a clear and unequivocal character. It is calculated to prevent fraud and to protect all parties," &c. (*Beekman* v. *Lansing*, 3 *Wend.* 450. *Westervelt* v. *Pinckney*, 14 *id.* 123.) Two persons meeting upon the highway and one seizing the property of the other, without asserting his right, or manifesting by what authority he takes the same, leaving the person who has been divested of his property to resort to

Shaw *v.* Davis.

an action to recover the value thereof, and learn why his property is taken, and then upon the trial the defendant only saying, I levied on the property by virtue of an execution, without showing from what court the execution was issued, or in whose favor the execution was, or for what amount, or whose property he was directed to levy upon, can hardly be such a levy under an execution as will justify an officer, when sued for taking property.

*John Van Rensselaer*, for the respondent. I. The cause was tried upon the theory that the property was levied on and properly taken by virtue of a proper execution in evidence, and marked "A;" and no question was made on that point, and no objection was raised on account of the execution, in any way, nor of the taking of the property under it; and it is too late here to raise an objection that no execution appears in the return of the justice. It clearly appears that an execution appeared in the cause and was marked "A," and now that the defendant cannot move to amend the return, as he might have have done in the county court, that point should not be taken. The point was not raised on the trial when it could have been obviated. (10 *How. Pr.* 330.  14 *Abb.* 75.  29 *N. Y. Rep.* 616.  30 *id.* 231.) In looking over the case, it will be perceived that the cause was tried upon the assumption of the fact that execution "A" was in evidence, and its absence from the case cannot now be insisted on as an objection.  (30 *How.* 121. 10 *Bosw.* 38.  28 *N. Y. Rep.* 318.  51 *Barb.* 40.) Had the plaintiff made the point, even so late as the appeal to the county court, the defendant might have then moved to amend the return in that particular, and insert the execution if it was thought necessary; but the point was not taken even there.  (*Beach* v. *Cooke*, 28 *N. Y. Rep.* 508.) The plaintiff proceeded to introduce evidence on his side, on the theory of a proper levy, by virtue of execution "A." He cannot now avail himself of the objection.  (45 *Barb.*

63. 18 *How. Pr.* 331.) Where the point might have been obviated by objection on the trial, and was not, it will be considered waived by non-objection. (10 *How. Pr.* 330. 23 *Barb.* 302.) There was an execution received in evidence, and marked "A," but the printed case is imperfect in many particulars; among others in this, that the execution does not appear in the case. But there appears to be no point taken on that branch of the case, and the cause was tried, as appears by the printed case, on the theory of a proper execution, levy and sale. The point is one that was not taken at the trial, nor in the county court, and therefore cannot be taken here.

In regard to the other branch of the case, there was not sufficient evidence to prove an exemption under the statute; the verdict was not only against the weight of evidence, but against the uncontradicted evidence in the case, and the county court did not err in so finding. The principle of law that the appellate court may, and should, set aside a finding of fact by a jury, if it be plainly against the weight of evidence, is too familiar to this court for me to argue at length; upon that point I merely refer the court to two cases: *Fleming* v. *Smith,* (44 *Barb.* 554;) *Baldwin* v. *Delevan,* (2 *Hill,* 125.) And there is no doubt but the court should reverse a judgment when it is plainly against evidence; else the trial of an action and the introduction of evidence before a prejudiced jury would be a mockery.

II. The only clause of the Revised Statute under which the property in suit can be claimed as exempt, is the following: "All necessary pork, beef, fish, flour and vegetables, actually provided for family use." (3 *R. S.* 646.) There is no evidence in this case that this property was actually provided for family use, or that it was necessary. The general rule is, that all goods and chattels of the party against whom an execution has been issued, may be levied on and sold, unless they are specifically exempt therefrom

by statute. (2 *Wait's Law and Practice,* 745.) A party who claims that certain articles are exempt on the ground that they are necessary, must prove affirmatively that his claim is well founded. (44 *Barb.* 456. 1 *Denio,* 462. 32 *Barb.* 290. 14 *John.* 434.) In the case before us, the plaintiff swears "they were not provided for family use;" they were brought down to sell to pay the taxes on his farm and purchase groceries, &c. He had others at home for family use. And there is no evidence in the case that they were provided for family use, or that they were necessary for the use of his family, which must be shown affirmatively; it is not sufficient to show that they might be useful or convenient. (14 *John.* 434.) But in the case before us, he swears that those he left at home were to use in his family, and those levied on were not for family use, but to sell. It seems to me as plain as words can express it, that the jury were not justified in finding contrary to the uncontradicted evidence of the plaintiff. (32 *Barb.* 290.) Where an action is brought by a party to recover damages for taking and selling furniture which is claimed to be exempt from execution, the plaintiff must show affirmatively that the amount of property allowed by law as exempt was not left after the sale. (41 *Barb.* 417.) There is no evidence that the plaintiff had not sufficient left for family use. One claiming an exemption of his property from execution, must show the facts exempting it under the statute. (14 *Barb.* 456.) The debtor may elect which articles he will retain as exempt; this does not prevent the officer from making a levy upon all of the articles. And after this is done, the defendant is bound within a reasonable time to notify the officer which articles will be retained as exempt property. (27 *Barb.* 506. 23 *id.* 240. 2 *Wait's Law and Practice,* 751.) But in this case the plaintiff himself swears "it was not provided for family use," and the testimony is uncontradicted; thus putting it absolutely without the statute; and he made no claim to

the officer, before sale, that the property was exempt. The right to claim property exempt, is a mere personal privilege, of which no one but the debtor can avail himself. (1 *Cowen,* 114.) The plaintiff was bound to claim of the defendant his exemption. It does not appear in this case that he made any claim to the defendant that the property was exempt property. He thus waived any right he had. (27 *Barb.* 506.) The judgment in the case was for the full value of the property. The law does not exempt apples. The bags are not within any exemption, and, they being included in the judgment, it is so far erroneous. (*Id.* 506, 508.) The law presumes that a public officer has properly discharged his official duties. (19 *John.* 345. 22 *Barb.* 656. 4 *Tiffany,* 115. 2 *Wait,* 387, and cases cited.) And it was necessary, in this case, to sustain the judgment, to show that, 1st. The property was actually provided for family use. 2d. That it was necessary for the use of his family. 3d. That he claimed the exemption of the constable. 4th. And that sufficient was not left for family use after the levy. Although, as I have before said, the whole of the testimony of the plaintiff does not appear in the printed case, yet there is sufficient positive and uncontradicted testimony to prove that the property levied on was not exempt, and that the officer did his duty in collecting execution "A."

*By the Court,* BOCKES, J. The point is first taken, by the plaintiff's counsel, that no judgment or execution was proved. The answer sets up a justification of the seizure and sale of the property by the defendant as constable, under an execution issued on a judgment against the plaintiff. If it be conceded that the defendant proceeded as constable under an execution against the plaintiff, issued by a justice of the peace of the county, and in all respects formal, it was sufficient for his justification, without proving the judgment on which it issued. A min-

Shaw *v.* Davis.

isterial officer is protected in the execution of process fair on its face; issued by a court or magistrate having jurisdiction of the subject matter to which it relates. To justify a seizure of property under execution, a constable is not required to prove the validity of the judgment on which it issued, or indeed that any judgment in fact was rendered. (5 *Wend.* 170. 6 *id.* 367. 12 *id.* 496. 24 *id.* 485. 5 *Hill*, 440. 23 *How.* 456. 31 *Barb.* 312. 2 *Comst.* 473. 20 *Barb.* 165.) The process, formal in all respects, issued by a competent tribunal, or officer authorized to act in that regard, is sufficient to protect a ministerial officer who acts under it according to law.

The question then is, here, whether there was proof of an execution against the plaintiff in due form. As the case appears before us on this appeal, this must be assumed. The defendant testified that he was constable, and seized and sold the property under execution "A," referring to a process then produced in court. The process is not returned, but it was assumed on the trial that this process was a justification, unless the property taken was exempt from seizure and sale thereunder. No objection was made to it, either for the reason that it was not against the property of the plaintiff, or not fair on its face. But on its introduction in evidence, the plaintiff immediately proceeded with evidence to sustain his case, on the ground that the property was exempt from seizure under it. Execution "A," in court and mentioned by the witness, was evidently the execution spoken of in the answer, as an execution issued by Justice Smith on a judgment rendered by him against the plaintiff. The course of trial shows this very manifestly. The plaintiff first made his case by showing, simply, that the defendant took from him his property. The defendant then proved that he as constable took it under execution "A." The plaintiff then proceeded to meet this defense, by showing the property exempt. This was assuming that the execution was a

formal process against the plaintiff, and valid, for the defendant's protection, in case the property taken under it was not exempt. Especially must this be so regarded on appeal, no suggestion having been made on the trial that the process was informal or invalid. The case seems quite conclusive on this point. The plaintiff was watchful on the trial, and diligent in his objections to evidence whenever there was any possible question as to its propriety. So he objected when the defendant proposed to show how he came to take the property. The objection was, that the evidence was improper and immaterial, evidently because the defendant had not set up his justification in his answer. This objection compelled the defendant to ask for an amendment of his pleading. He was allowed to amend, and then averred that he took the property under execution against the plaintiff, duly issued by James V. Smith, a justice of the peace, in an action wherein Anthony Bracket was plaintiff. The defendant then proceeded with his testimony, and stated that he was constable; that "such *execution* '*A*' was issued by the officer signing it, and that he took the property under it." Now what execution was he here speaking of as "such execution 'A'?" Plainly, of an execution then present, being the one just that instant described in his amended answer; and that it was such, and admissible as evidence under the answer, is evident from the fact that the objection before urged, of impropriety and immateriality, was not persisted in, nor indeed was any objection whatever raised, and the parties then put forth their strength on the question of exemption, and the case was made to depend on that alone. In this state of the case, it seems to me that it would be unfair in the court now to hold the parties to a position other and different from that adopted by both, and fully acquiesced in on the trial. This, I think, would not be ingenuous or equitable. It has often been held that where a cause has been tried on the assumption, by

Shaw *v*. Davis.

the parties, that a fact existed, neither will be heard to assert its non-existence, on appeal. Therefore, as this case stands before us, it must be assumed, as the fact undoubtedly was, that the execution "A" was the one described in the defendant's answer; and of course it afforded protection to the defendant in his action under it, unless the plaintiff established his right to the property by virtue of the statute of exemption. This question remains to be considered.

It was proved that the plaintiff was a householder, and had a family for which he provided. It was also proved that he had about thirty bushels of potatoes, about four or five bushels of apples, and some sixty or seventy heads of cabbage. These comprised his stock of vegetables. The levy was about the middle of February. Evidence was given as to the number of his family, and generally as to the fact whether these vegetables were actually provided for family use. As regards these vegetables, a case was made, in my opinion, for the jury. They had a right to find, I think, as they did, that the vegetables mentioned were all necessary and actually provided for family use. (2 *R. S.* 367, § 22, *sub.* 4.) This law of exemption is based on just views of human generosity, and should have a liberal application in cases of unquestioned indigence.

It is urged, however, that the plaintiff testified, in regard to the potatoes, that those levied on were not actually provided for family use. I do not so understand his testimony. He had stated the amount of his vegetables on hand, and the circumstances of his family; said he was taking the vegetables seized to the Springs to exchange for family groceries, and to obtain the means with which to pay his taxes. He added, the vegetables were brought down to sell; he had others at home for family use; and further, "those that I took down to sell were not for family use, but to get groceries; those I left at

home were to use in my family." He does not say that these vegetables were not originally provided for family use. He was evidently speaking of the property when seized on the way to market. He meant that then they were not for family use; but he was taking them to sell or exchange for groceries, &c. The jury had a right so to regard and construe his statement. Nor did the fact that he was taking the property to market, to exchange it for articles of prime necessity in his family, or even to obtain the means to pay his taxes, deprive him of his right to insist that those vegetables were in fact actually provided for family use, and exempt from seizure and sale under execution against him.

A man may, if he chooses, sell his exempt property, and can often in this way make it more available for family use. As regards the vegetables, I think a case was made for the jury, and it cannot be said that their verdict was in that regard unsupported by, or against, the evidence.

But the recovery included $4.50 for bags. The bags were not articles of wearing apparel, nor bedding, nor do they fall within the statutory designation of articles exempt from levy and sale under execution. Nor does it appear that they were necessary for actual use in the preservation of articles declared by statute to be exempt. The recovery for the bags was erroneous. The county court was therefore right in reversing the judgment of the justice, unless it be that the judgment might have been reversed in part, and affirmed as to the residue.

There can be no doubt as to the articles, and the amount allowed for them, for which the judgment was rendered. The proof is complete in this regard. There were eight bushels of potatoes, worth one dollar per bushel; also two and three-fourths bushels of apples, worth one dollar and twenty-five cents per bushel; also thirty heads of cabbage, worth ten cents per head; and nine bags, worth fifty cents

Shaw *v.* Davis.

each. There was but one enumeration of articles, and one expression as to the value:

| | |
|---|---:|
| 8 bushels of potatoes, | $8 00 |
| 2¾ bushels of apples, | 3 43 |
| 30 heads of cabbage, | 3 00 |
| 9 bags, | 4 50 |
| | $18 93 |

The verdict and judgment was for this sum. It is therefore entirely certain that there was included in the judgment the sum of $4.50 for the bags; and as to this amount, the judgment was erroneous.

The question is, then, could the county court reverse in part, and affirm as to the residue? The provision of the Code on this subject is, that the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits; and further, that "in giving judgment, the court may affirm or reverse the judgment of the court below, in whole or in part, and as to any or all the parties, and for errors of law or fact." (*Code*, § 366.) It was held in *Kasson* v. *Mills*, (8 *How.* 377,) decided in 1852, that the county court could not reverse in part when the damages were entire. In that case the damages were allowed for a single claim or cause of action, not in its nature divisible. This peculiarity of that case was noticed and commented on in *Staats* v. *Hudson R. R. Co.*, (39 *Barb.* 298.) In the last case cited, it was held that when two or three independent causes of action are prosecuted in a justice's court, and the judgment was right as to one and erroneous as to the others, which fact distinctly and plainly appeared on appeal, it was the right and duty of the county court to reverse as to the erroneous and affirm as to the legal part of the judgment. In this case there were two distinct causes of action counted on—one for killing a cow,

in January; the other for killing a bull, in October following. As to the claim for the cow, there was a perfect defense established. In *Decker* v. *Hassel* (26 *How.* 528) it was held that the whole of a justice's judgment would not be reversed for an error of the justice in allowing a small item of claim, the remaining part of the judgment being correct. In this case the court says: "We do not assume to weigh evidence, or in any manner to decide a question of fact; but whenever a separate, distinct item is erroneously allowed by a justice of the peace, there being a total failure of evidence to sustain it, and a correct judgment is given for other matters, it is the duty of the county court, on appeal, to affirm the judgment in part, and reverse it in part." It is added: "If the court fail in this duty, this court, on appeal, must give the judgment the county court ought to have given." And it is further added: "The power to give such judgment is as plainly given to the county court as language can express." In *Fields* v. *Moul* (15 *Abb.* 6) the action was, like the one in hand, against a constable for levying on and selling exempt property. The plaintiff recovered; but through the mistake of the justice, the judgment was entered for a sum exceeding the value of the property by ten dollars. In this case Judge Hogeboom gave the question here under examination very careful and elaborate examination, and settled on this principle: that when a judgment appealed from consists of distinct matters, and those matters are so presented that a final judgment may be rendered by the appellate court upon each, the judgment may be affirmed as to part, and reversed as to the residue. This subject again came under examination in the recent case of *Weed* v. *Lee*, (50 *Barb.* 354,) in which Judge Mason, speaking for the court, gave sanction to the principles laid down in the cases cited. So, too, the doctrine of these cases has received approval in the Court of Appeals, in *Brownell* v. *Winnie*, (29 *N. Y. Rep.* 400.) In this case judgment was

rendered for $17.45, whereas it should have been for $14.31; which error appeared by mathematical computation. The court, per MULLIN, J., said, " the county court had authority, under section 366 of the Code, to modify the judgment according to the justice of the case, without regard to technical errors." It was added that the general term and Court of Appeals had the same power.

These decisions, therefore, relieve the case now under consideration from all possible doubt. They settle the rule—which rule is clearly applicable to this case—that when the judgment rendered by the justice is for different claims, or is for distinct items or articles of property, separable in their nature, and capable of being separated on the record, both as to identity and value, the county court may reverse in part, and affirm as to the residue. This rule, too, commends itself to our sense of justice and right. There is no propriety in wholly reversing a judgment in the main correct, because of the erroneous allowance of some small amount. In such case justice demands only a modification, and, as above seen, the law admits of that mode of correcting the error.

In this case the jury found, on sufficient evidence, that the potatoes, apples and cabbages were exempt from seizure and sale under execution against the plaintiff. We are satisfied, too, with that finding. It was well justified by the proof. The bags were not exempt, however, and it is a matter of certainty—as much so as evidence and mathematical calculation can make it—that there was an allowance for them of $4.50. To this extent the verdict and judgment of the justice was erroneous. The county court should have reversed the judgment for this amount, only, and affirmed it as to the residue. It remains now for this court to direct the judgment which the county court should have declared.

The judgment of the county court must therefore be reversed, and the judgment of the justice also reversed as

to $4.50, and affirmed as to the residue; but without costs to either party on the appeals. This, we think, would be just in this case, as to costs. (*Code*, § 368.)

So ordered.

[SCHENECTADY GENERAL TERM, January 4, 1870. *Rosekrans*, *Potter*, *Bockes* and *James*, Justices.]