J. H. WILLIAMS, ADMINISTRATOR, ETC., v. MARGARET HALL.

1. A rural homestead (under the Constitution of 1845) might consist of separate parcels of land. The two hundred acres need not lie in one body. The cases of Hancock v. Morgan, (17 Texas, 583,) and Pryor v. Stone, (19 Texas, 371,) cited by the court, and the reasoning therein respecting the urban homestead, *held* to be equally applicable to the rural homestead.

2. A widow, showing her right to allowances and exemptions from the estate of her deceased husband, and that the property of the estate had been sold by the administrator, without regard to her rights, consented that the notes taken by the administrator for the property should be set apart to her, instead of the specific property or its money equivalent. *Held*, that it was not error to decree such relief, substantial justice being thereby accomplished.

3. The right of a surviving wife to exempted personal property, and to the homestead, is paramount to all ordinary claims against the estate.

Opinion of the court.

APPEAL from Polk. Tried below before the Hon. Samuel A. Willson.

The state of facts is substantially shown in the opinion of the court.

*J. H. Williams*, for himself.—It is submitted, that the fifteen acres and improvements constitute the homestead under the facts of this case. The appellee is estopped from setting up any claim to the land sold to the intervenor, Hogue, she having for a valuable consideration waived her rights, if any, by obtaining from one of her creditors a discharge of an individual indebtedness, by agreeing to surrender to the administrator, for the benefit of the creditors of the estate, the land in question; and not only have the creditors themselves acted upon this promise, but the administrator has been induced thereby to administer the estate with reference to this land being part of the assets, and has incurred expense by selling it, paying taxes, etc., all of which was known to the appellee; and to permit her now to consume the proceeds of the sale is to permit her to take advantage of her own fraud.

If the appellee has any remedy, it is not the one which she sought in the courts below to enforce. If the land by virtue of the facts vested in her, and has not been divested by her own act, the title is still in her, and her remedy is to assert her title to the land itself. In this view, the administrator only sold such title as he had as administrator, and Hogue only bought such title. The administrator does not warrant, and has in this case been guilty of no fraud.

*C. L. Cleveland*, for the appellee.

DENISON, J.—Margaret Hall, the widow of Thomas B. Hall, filed a petition in the County Court of Polk county, at the March term thereof, 1866, stating that her husband died in the year

1860, leaving no child or children; that John H. Williams was appointed administrator of his estate, and inventoried all the property belonging thereto, and sold the same without regard to the rights of petitioner; that said estate was insolvent, and that she being ignorant of her rights in the estate, left the matter to be disposed of by the court; and asked that such property as she was entitled to under the law, be given and secured to her either in kind or their equivalent in money.

It appears from the record that the decedent, at the time of his death, was a farmer, owning, occupying and cultivating a plantation containing about two hundred acres; that a short time before his death he purchased fifteen acres of land about half of a mile from his plantation, built a house thereon and moved from the plantation thereto only a short time before his death.

It also appears from the record that the fifteen acres upon which the dwelling house was situated, had been set aside to the widow as a homestead; that all the personal property and the plantation had been sold, and that notes had been given for the purchase money, with the exception of a sum paid in cash by the purchaser of the plantation, to extinguish a lien existing on the same; that said notes are still in the hands of the administrator, and unpaid; and that the petitioner, in her petition, consents to receive the notes given for the personal property, or so much of them as may be necessary, in lieu of the equivalent in money that she would be entitled to, in place of the articles of personal property which she should have received out of the estate. She also consents to receive the proceeds of the sale of one hundred and eighty-five acres (the balance of the rural homestead,) of the plantation, represented by the note given therefor by the purchaser and remaining in the hands of the administrator, and consents to confirm the title to the purchaser.

A decree and order, substantially in compliance with the prayer of the petitioner, was made by the county court, acting as a pro-

bate court; from which decree, appellant, the administrator, appealed to the district court, where the cause was tried *de novo.*

In the district court the purchaser of the plantation appeared as intervenor, and substantially admitted the truth of the allegations in the petition, and consented to the granting of the relief prayed for, but claimed that he should be protected in the purchase of the plantation.

There was also a joint intervention by two holders of allowed and approved claims against the estate, who resisted the granting of the relief prayed for, because they say it would render the estate totally insolvent, and their claims worthless.

The case was submitted to the court, and on the trial the district court rendered a decree substantially affirming that of the county court.

This court, under the circumstances, can see no error in the decree sufficient to warrant its reversal; substantial justice was obtained thereby. The party most in interest consenting to receive the *notes* for her claims instead of *money*, it was not error in the courts ordering the notes to be delivered up to her.

In the case of Hancock v. Morgan, 17 Texas, 583, and in Pryor v. Stone, 19 Texas, 371, it is decided that a city homestead may consist of separate lots, although the lots do not adjoin each other. The reasons given in those cases applies with equal, if not greater force in this case, to the rural homestead.

As to the intervention of the parties holding claims against the estate, it is sufficient to say, that the right of the surviving wife to the exempted personal property and to the homestead, is prior and paramount to all *ordinary* claims.

The judgment is affirmed, and this judgment is to be certified below for observance.

Affirmed.