MARIA ARREX, RESPONDENT, v. ANDRIES L. BROD-
HEAD AND OTHERS, APPELLANTS.

*Officer executing process regular on its face, protected thereby.*

Where, after a judgment and sale in foreclosure, a writ of assistance, regular and
fair upon its face, is issued against one of the defendants therein, the officer
executing the same, and those assisting him, are protected thereby, even
though the writ were irregularly issued, and the defendant would be entitled
to have the same set aside on motion.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a
new trial, made upon the minutes of the justice before whom the
action was tried.

This action was brought to recover damages for a wrongful
eviction of the plaintiff from premises, of which she was in
possession, and of which she claimed to be a part owner.

On the 4th day of March, 1876, the defendant Vandemark
purchased certain premises lying in the town of Rosendale, Ulster
county, at a foreclosure sale, and on the 14th of March, 1876, he
received the referee's deed therefor. He found one Maria Arrex in
possession of the premises, who, on demand made, refused to yield
possession. She was a party to the foreclosure suit and had
appeared by attorney therein, and he had notice of the application
for judgment. On proof of these facts an application was made
for an order for a writ of assistance, which was granted, and the
writ issued to the sheriff of Ulster, who deputized the defendant
Brodhead to execute it. He requested the defendant Vandemark,
the purchaser, to assist in its execution. The writ was executed
on the 22d of March, 1876, and the plaintiff brings this action for
damages for the eviction and for injury to her person, claiming an
interest in the property, not subject to the mortgage foreclosed.

*J. Newton Fiero*, for the appellants.

*J. E. Van Etten*, for the respondent.

BOCKES, J.:

The defendant, Brodhead, in removing the plaintiff from the premises, was acting as a public officer under process, which he was by law authorized to execute; and the defendant, Vandemark, acted under him in his aid. There is here no question of ·excess of force in the execution of the process, as the court held. ·that, irrespective of that question, the process afforded the defendants no protection whatever for their acts in making the removal. In this ruling we are of the opinion that the court was in error. The process was fair on its face. The court awarding it had, in this case, not only apparent, but actual, jurisdiction both of the person and subject-matter of the action in which it issued; and the plaintiff was a party defendant in that action. Process thus issued by the court, if fair on its face, will protect the officer in its execution. (*O'Reilly* v. *Good*, 42 Barb., 521; *Hudler* v. *Golden,* 36 N. Y., 446; *The Troy, etc., R. R. Co.* v. *Kane,* 72 N. Y., 614; *Deutsch* v. *Reilly*, 7 Weekly Dig., 523; *Shaw* v. *Davis*, 55 Barb., 389; *Field* v. *Parker*, 2 Hun, 342.) There are many other cases to the same effect. It has been repeatedly decided that process in due form, issued by a competent tribunal or officer authorized to act in that regard, will protect a ministerial officer who acts under it according to law; that such process will afford complete protection to the officer charged with its execution; and so, too, as to those who act in aid of the officer. (*Landt* v. *Hilts*, 19 Barb., 283; *Doolittle* v. *Doolittle*, 31 Barb., 312; *Elder* v. *Morrison*, 10 Wend., 128.) Nor does it make any difference that the officer is indemnified. (*Horton* v. *Hendershot*, 1 Hill, 118.) In the last case cited it is said that taking indemnity does not deprive the officer of the protection which his process affords; nor would knowledge by him of a want of jurisdiction deprive him of its protection, so be it that the process is fair on its face. (*Noble* v. *Holmes*, 5 Hill, 194; *The People* v. *Warren*, 5 id., 440; *Webber* v. *Gay*, 24 Wend., 485.) He may not, however, build up for himself *a title* under process, unless it be well issued in law.

The plaintiff's counsel insists that the writ of assistance could only issue to dispossess those whose rights had been determined by the judgment in the action in which it issued — that is,

could only *regularly* issue. If this be admitted, it would but raise a question of irregularity. The writ would still remain good until set aside. So, too, it is urged that the plaintiff had rights as tenant in common of the premises which were available to her against the execution of the writ, because as was claimed such rights were not determined by the judgment in the foreclosure suit. Still, the fact remains that the writ was against her, and, was, on its face, regular and fair. So the officer would be protected in its execution. Even if she could set it aside on motion, it would afford protection to the officer while it remained in force. And, again, it is said in the MSS. opinion of Judge ALLEN, in *Wilbor* v. *Daniels*, furnished us by counsel, that " whether the purchaser shall have the benefit of the summary proceeding, or resort to some other remedy to secure the fruit of his purchase ; and whether the party resisting the claim of the purchaser to immediate possession upon some claim of right, independent of the judgment, and consistent with it, shall be permitted to retain the possession and drive the purchaser to his action, or shall yield possession, and himself seek any relief to which he may be entitled by proper action, are questions addressed to the court having jurisdiction to give the process." The case, then, still stands upon the ground that the writ of assistance, being against the plaintiff, and on its face regular and fair in all respects, afforded protection to the person entrusted by law with its execution. The judgment and order appealed from must be reversed.

Judgment and order reversed, new trial granted, costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.