OTSEGO COUNTY.—HON. A. C. TENNANT, SURROGATE.—June, 1884.

## HODGE v. LEANING.

*In the matter of the estate of* ADALINE TOWN, *deceased.*

U. S. R. S., §§ 4692, 4693, specify the cases in which officers and privates of the army and navy shall be entitled to receive a pension. Section 4702 provides that, if any person embraced within the provisions of the two first named sections dies under circumstances which would have entitled him to an invalid pension had he been disabled, his widow, or, if there be no widow, or in case of her death without payment of any part of the pension, his child or children under 16 years of age shall be entitled to receive the same pension as the husband or father would have been entitled to had he been totally disabled, to commence from the death of the latter, and to continue to the widow during her widowhood, and to his child or children until they severally attain the age of sixteen years.

T., a soldier in the U. S. army died in 1874, leaving a widow, the decedent, and two children aged one and three years, respectively. Decedent, after T.'s death, applied for and obtained a pension, as his widow, and died in 1880, leaving said children her surviving, and about $1,000, unexpended pension moneys, which she had received during her lifetime, and which constituted substantially the only property in her possession at the time of her death. In May, 1884, a creditor of decedent who had obtained a judgment, for the amount of her claim, against decedent's executor, applied under Code Civ. Pro., § 2717, for a decree directing payment thereof.—

*Held,* that the money mentioned, which was in the executor's hands, constituted no part of the assets of decedent's estate and so could not be applied in payment of the widow-pensioner's debts, and that the application must, therefore, be denied.

PETITION by Addie Hodge, a creditor of decedent's estate, under Code Civ. Pro., § 2717, to compel pay-

ment of her debt; opposed by John K. Leaning, the executor. The facts appear sufficiently in the opinion.

L. S. HENRY, *for petitioner.*

JAMES A. LYNES, *for executor.*

THE SURROGATE.—Elisha Town, a soldier of the war of the rebellion, died in the year 1874, leaving a widow, Adaline Town, and two children, Nera L. and Nina E. Town, him surviving. The widow, after his death, applied to and obtained from the Government of the United States a pension amounting to the sum of about $1,300, as the widow of said soldier. In 1880 said widow died, leaving her surviving said children, who are still living, and whose ages at this time are ten and thirteen years, respectively. At the time of her death, she had in her possession $1,060 of said pension money, which had not been exchanged for other property, nor used by her in any manner, and which, with a few articles of household furniture of trifling value, constituted all the property of any kind owned by her at the time of her death. On May 13th, 1884, the petitioner obtained in the Supreme Court a judgment amounting to the sum of $312.87, damages and costs, against the executor of the last will and testament of said widow, for and on account of a debt owing by her when she died.

On July 13th, 1880, the executor filed an inventory of the personal property of the decedent, which personal property consisted exclusively of said pension money, $1,060, and which embraces the only assets or funds of the estate, now in his hands.

The petitioner, having received no payment upon her

debt or judgment, now applies to this court, under § 2717 of the Code, to compel the executor to pay the same. The executor makes answer that said pension money now in his hands is exempt from the payment of the debts of the deceased, and that the same, as matter of law, must enure to the benefit of said soldier's infant children.

Careful examination of the question thus presented has led me to the conclusion that this pension money, now in the executor's hands is not liable to be applied to the payment of the pensioner's debts. I am of the opinion that, as against the soldier, his widow or children under sixteen years of age, pension money cannot be involuntarily applied in payment of the pensioner's debts, either in his lifetime or after his death.

The policy of the government, in granting pensions to soldiers who become disabled in the military service, and to their natural and civil dependants, namely their widows and minor children, is not founded upon any legal liability, but proceeds from a moral obligation to furnish to them the means of support and maintenance rendered necessary by said disability. In bestowing these gratuities upon the soldier, and upon those whom he is bound in law to support, Congress very clearly possesses the right to declare the conditions under which the same should be made and to regulate their application to the benign purposes for which the same are given. One of these conditions and limitations, imposed in granting the pension is that it should be devoted to the direct, personal benefit of the soldier, and, upon his death, of his widow or minor children, and that it should be secure from the pensioner's debts.

It seems to me that such intent on the part of Congress is manifested very clearly by the language employed in the several acts relating to pensions. The pensioner is carefully protected, by stern provisions, in the personal enjoyment of his pension, and the rights or claims of his creditors are not only ignored but expressly negatived in those acts.

Section 4747 of the Revised Statutes of the United States provides: "No sum of money due or to become due to any pensioner shall be liable to attachment, levy or seizure, by or under any legal or equitable process whatever, whether the same remains with the pension office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, *but shall enure wholly to the benefit of such pensioner.*" See, also, to same effect, § 1393 of the Code of Civil Procedure.

In order to protect the pensioner against an unwise or improvident disposition of his pension, and to preserve the same to him, it is declared that every "pledge, mortgage, sale, assignment or transfer of every right, claim or interest in any pension which has been or may hereafter be granted shall be void and of no effect" (U. S. R. S., § 4745). Upon the death of the soldier, his widow, or, in the event of her death, his child or children under sixteen years of age, are entitled to recover and receive the pension from the government (id., § 4702).

That such was the intent of Congress, I think is still more clearly indicated by the verbiage of § 4718, which reads as follows: "If any pensioner has died, or shall hereafter die, or if any person entitled to a pension

having an application therefor pending, has died or shall hereafter die, his widow, or, if there be no widow, the child or children of such person under the age of sixteen years, shall be entitled to receive the accrued pension to the date of the death of such person. *Such accrued pension shall not be considered as a part of the assets of the estate of the deceased, nor liable to be applied to the payment of the debts of said estate, in any case whatever, but shall inure to the sole and exclusive benefit of the widow or children;* and if no widow or child survive, no payment whatsoever of the accrued pension shall be made or allowed, except so much as may be necessary to reimburse the person who bore the expenses of the last sickness and burial of the decedent in cases where he did not leave sufficient assets to meet such expenses."

Moreover, it has been adjudged under the pension act of June 19th, 1842, similar in its provisions to the one under which this pension was obtained, that if any pensioner, who is a widow, die leaving children, each is entitled to an equal share of the amount of pension due at the time of the death, as a distributive share of his or her mother's estate, free from all claims upon it by the creditors of the mother (Shirley v. Walker, *31 Me., 541;* Fogg v. Perkins, *19 N. H., 101;* see, also, Williams v. Hall, *33 Tex., 212*). The cases in Massachusetts, Foot v. Knowles (*4 Metc., 386*), and Slade v. Slade (*11 Cush., 466*), where it was held that the executor of the last will and testament of a deceased widow pensioner was entitled to receive the pension, as against her children, are not in conflict, because, in neither of those cases, were the rights of creditors involved or con-

sidered. In the Foot case, on page 389, the court say: "Nor is there any suggestion that a recovery here is sought for at the instance or for the benefit of the creditors of the pensioner."

The right of the pensioner to hold and enjoy his pension, to the utter exclusion of his creditors, rests upon more secure and higher grounds than a mere exemption, to be insisted upon or waived, as he may choose. It is granted to him as a voluntary gift from the Government, coupled with a positive prohibition that, under no circumstances whatever, shall it be liable to the payment of the debts of him who receives it, and the express direction that it shall enure to the benefit of the pensioner, and of those who are dependent upon him for support.

Entertaining, as I do, these views, I do not think it is necessary to pursue the inquiry further, and examine the question in the light of the pension money being simply exempt. Even in that aspect, there are cogent reasons for holding this pension money inapplicable to the payment of the decedent's debts. The law of exemptions is said to be founded on just views of human generosity, and should be liberally construed in favor of the debtor and his family (Wilcox v. Hawley, *31 N. Y., 648-657;* Shaw v. Davis, *55 Barb., 389;* Lockwood v. Younglove, *27 Barb., 505;* Van Buren v. Loper, *29 Barb., 389;* Gilman v. Williams, *7 Wisc., 329*). The exemption provided by the statute is not exclusively for the benefit of the owner of the exempt property; it is mainly that the family for which he provides may not be stripped of all means of support, and cast as paupers upon the community (Wilcox v. Hawley, *31 N. Y., 657;* Kneettle v. Newcomb, *22 N. Y., 249*).

And hence it has been decided that, when property is exempt from seizure and sale upon execution in the lifetime of the judgment debtor, it continues thus exempt after his death, for the benefit of his widow and minor children (Vedder v. Saxton, *46 Barb.*, *188*).

For the foregoing reasons these proceedings should be dismissed without costs against the petitioner.