Bradley, J.
The action is trespass for the alleged entering the plaintiff’s close by the defendant, and taking, carrying away and converting to his own use a quantity of barley.
The answer puts in issue the allegations of the complaint, and alleges, by way of justification, that one Gibson was collector of school district number seven, in the town of Barrington, county of Yates, who entered upon the premises, levied upon and carried away the barley by virtue of a collector’s warrant, duly issued to him by the trustee of the district, as he lawfully might. And that the defendant, at his request, assisted him in the discharge of his duty as such collector. It appeared that Gibson was such collector, that such warrant had been issued to him in due form by the trustee of the district, directing him to collect the taxes mentioned in the accompanying list, amongst which was one assessed to the plaintiff of $7.92, upon ninety-seven acres of land; and that the collector entered upon the plaintiff’s premises and levied the warrant upon the barley in question; that the defendant, at his request, assisted him in taking and removing the barley from the premises; and that it was afterwards sold to satisfy the tax.
It also appeared that the defendant was the trustee of the district, and that the tax was assessed and the warrant issued by him.
The warrant was a protection to the collector, and to all persons having no relation to the act of making the assessment and issuing the warrant, acting in his aid at his request. Doolittle v. Doolittle, 31 Barb., 312; Abbott v. Yost, 2 Denio, 86. But it is contended on the part of the plaintiff that the tax was illegally and without jurisdiction assessed against him upon his property. If this contention is supported, the trustee issuing the warrant was hable to the plaintiff by reason of the direction and apparent authority he had, by the warrant, given to the collector, by virtue of which the latter took the property
*248 The duty of the trustee and the manner of executing it in making the assessment and levy of taxes, were wholly given and prescribed by the statute. And so far as relates to proceedings of a jurisdictional character taken for that purpose, the provisions of the statute must be substantially observed to furnish protection to the officer issuing the warrant as against the owner of property levied upon and taken by virtue of it, if he is disposed to challenge by action the validity of the assessment.
The statute relating to the assessment of school district taxes provides that “the valuations of taxable property shall be ascertained so far as possible from the last assessment-roll of the town after revision by the assessors.” Laws 1864, chap. 555, tit. 7, art. 7, § 67. “And where the valuation of taxable property cannot be ascertained from the last assessment-roll of the town, the trustees shall ascertain the true value of the property to be taxed from the best evidence in their power, giving notice to the persons interested, and proceeding in the same manner as the towm assessors are required by law to proceed in the valuation of taxable property.” Laws 1864, chap. 555, tit. 7, art. 7, § 68.
The plaintiff’s farm of 122 acres was partly in each of the districts Nos. 7 and 9, and, as appears, was occupied by him, and his residence was in district No. 9, but the larger part of the farm was in the former district and only twenty-five acres of it in the latter. The assessment-roll of the town represented the assessment of the entire farm at $4,000. The defendant assessed the ninety-seven acres in Ms district at $3,180, and gave ho notice to the plaintiff in any manner of the assessment or of the proceeding to make it. It was not taken from the assessment-roll of the town, but was produced by the judgment of the defendant, as he says he “thought that was a fair valuation from the roll;” that he “could not tell,” but used his best judgment, and believed it to be a fair valuation. We do not see how this case can be distingmshed in principle from that of Jewell v. Van Steenburgh (58 N. Y., 85), where it was held that the omission of school district trustees to give the notice required by the statute, when they did not adopt the valuation upon the last assessment-roll of the town, was a jurisdictional defect in the proceeding and rendered the assessment void and the trustees liable to the owner so assessed, whose property had been levied upon and taken pursuant to their warrant issued to the collector.
The effect of that decision is that when the trustees assume to act in determining the valuation of property, the notice is a prerequisite to the validity of the assessment. If it is put into the list at a less valuation than that appearing *249 in the' town assessment-roll, of course the owner cannot complain ; but that cannot be said of the assessment here. It embraced only a portion of the farm included in that appearing in the town roll. And assuming that an attempt was made to measure the assessment of the ninety-seven acres by that made by the town assessors of the whole, the apportionment was a matter of judgment of the trustee, and was practically an original assessment on that part of the premises. He had no means, except by his estimate of the relative value of each part, to reach the valuation of the portion upon which the tax was levied ; and the fact that the defendant acted in aid of the collector in taking the property, does not enable him to stand with the collector upon the regularity in form of the warrant.
His liability would have been no less if he had not so assisted him. It rests upon the fact that he issued the warrant by which he directed the collector to collect an invalidly assessed tax of the plaintiff, and if need be, to levy the same for that purpose upon his goods and chattels ; and it was in obedience to the command so expressed in the warrant of the defendant that the levy was made and the property in question taken.
This view renders it unnecessary to consider any other question presented.
The judgment of the county court and that of the justice must be reversed.
Smith, P. J.; Barker and Haight, JJ., concur.