| 89 | 607 |
| 100 | 324 |

| 89 | 607 |
| 104 | 548 |
| 105 | 23 |
| 44a | 582 |

| 89 | 607 |
| 109 | 270 |

| 89 | 607 |
| 150 | 225 |

## HUNT v. THE MISSOURI RAILROAD COMPANY AND T. C. HIGGINS, *Appellants*.

1. **Practice**: EVIDENCE. Where there is a total lack of evidence to support an issue it is error to submit it to the jury, and the Supreme Court will, in such case, reverse the judgment.

2. ———: MODIFICATION OF JUDGMENT BY APPELLATE COURT. The Supreme Court, on appeal, may reverse or affirm the judgment of the trial court, or give such judgment as it thinks the trial court should have given. R. S., sec. 3776. It may reverse a judgment as to one of two appellants and affirm it as to the other.

*Appeal from St. Louis Court of Appeals.*

REVERSED as to the Missouri Railroad Company.

AFFIRMED as to T. C. Higgins.

*Dyer, Lee & Ellis* for appellants.

*John Wickham* for appellant, Higgins.

*W. C. & J. C. Jones* and *A. R. Taylor* for respondent.

RAY, J.—This cause was before the St. Louis Court of Appeals, and is reported in 14 Mo. App. 160.

The point most pressed at the oral argument before us, and in the brief of counsel for the railroad company, and the one we think of most importance, as to it, is whether there is sufficient evidence of negligence on its part to go to the jury. A similar objection was also raised and urged by counsel for defendant, Higgins, as to him. We have carefully considered the evidence, and especially with reference to this objection. The majority of the court are of opinion that as to the defendant, Missouri Railroad Company, there is no sufficient evidence, or rather, there is an entire want of evidence of negligence on its part, authorizing the submission of the cause to the jury, and that as to it the judgment of the trial court, as well as that of the court of appeals, is erroneous and should be reversed ; and it is accordingly so ordered. In this conclusion and disposition of the case, as to this defendant, Norton, J., and myself do not concur.

As to the defendant, Higgins, after a careful examination of the entire evidence, we see no sufficient reason to doubt that the conclusion arrived at by the trial court, as well as the court of appeals, is correct, and that the case made by the evidence, was as to him one for the jury to pass on. Perhaps it is well to say, that we do not mean to be understood as committed to an approval of some of the expressions which occur in the progress of the opinion of the court of appeals, as to what the disaster, in and of itself, may indicate to a practical minded jury, or as to what the juror in his practical familiarity with current events and with their physical and moral causes may legitimately consider whatever the witness may say. The other questions made by the defendant, Higgins, or involved in the case in his behalf, we have also considered and in our opinion they also are

properly considered correctly disposed of by the court of appeals in its said opinion, and they need not be re-stated or re-argued by us. Finding no material error in the decision of the court of appeals as to the defendant, Higgins, the judgment as to him is affirmed.

Section 3776, Revised Statutes of 1879, provides that: "The Supreme Court in appeals or writs of errors shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given as to them shall seem agreeable to law." In reversing the judgment as to one of the defendants, and affirming it as to the other, as we have done in this case, we think we have thereby given such judgment as the lower courts under the facts and law of the case ought to have given. In a case like this the ends of justice do not re-quire that the whole case should be reversed and remanded, for further proceedings. In numerous in-stances this court has modified and affirmed judgments as seemed to it agreeable to law and justice. *Wescott v. Bridwell*, 40 Mo. 146; *Shaw v. Davis*, 55 Barb. 389 and 442; *Miller v. Hardin*, 64 Mo. 545; *Mueller v. Kaess-man*, 84 Mo. 330; Central Law Journal for June, 1886, page 553. In this branch of the case all the judges concur.